**Daniel L. HERRICK, # 110128 and Thomas F. Williams, # 095608, Plaintiffs–Appellants,**

v.

**Gerald COLLINS, Superintendent, Gene Gordon, Asst. Superintendent, Richard Dugger, et al., Defendants–Appellees.**

**No. 89–3204**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 11, 1990.

Daniel L. Herrick, Punta Gorda, Fla., pro se.

Thomas F. Williams, Madison, Fla., pro se.

Robert A. Butterworth, Atty. Gen., Dept. of Legal Affairs, Erin Lydia McLaughlin, Asst. Atty. Gen., Tallahassee, Fla., for defendants-appellees.

Before TJOFLAT, Chief Judge, CLARK, Circuit Judge, and TUTTLE *, Senior Circuit Judge.

PER CURIAM:

Daniel Herrick and Thomas Williams appeal the district court's *sua sponte* dismissal of their civil rights complaint as frivolous after the court had required them to pay a partial filing fee. We vacate the district court's order and remand with instructions to the district court to issue the summons to the defendants.

I.

Appellants, prisoners at Florida's Marion Correctional Institution (Marion) proceeding *pro se,* brought an action in the district court under 42 U.S.C. § 1983 (1988), alleging numerous violations of their constitutional rights. They sought to proceed *in forma pauperis* under 28 U.S.C. § 1915 (1988).[1] In separate orders, the court required each appellant to pay a partial filing fee pursuant to the local rules of the Middle District of Florida. *See* Rule 4.07(a). Both orders stated that the court would determine whether the complaint should be dismissed as frivolous, under 28 U.S.C. § 1915(d), only after the partial filing fee had been paid. The court also gave appellants leave to file an amended complaint.

Appellants paid the fee and amended their complaint, naming as defendants Richard Dugger, Secretary of the Florida Department of Corrections, Gerald Collins, Superintendent of Marion, and numerous other Marion corrections officers and employees. Appellants sought various forms of relief, including a declaration that the defendants had violated their constitutional rights, preliminary and permanent injunctions ordering them transferred to another institution with a full law library, return of gain-time, damages, and the establishment of new prison disciplinary procedures.

The defendants did not respond, and the district court issued no summons. Rather, the court dismissed the complaint *sua sponte* pursuant to section 1915(d), finding in a detailed twenty-page opinion that appellants' claims were frivolous. Both Herrick and Williams appeal that dismissal.

II.

Appellants argue that the court should have determined whether their complaint was frivolous before ordering them to pay a partial filing fee and allowing them to proceed. We agree. We note at the outset that we address only that issue and express no opinion on the merits of appellants' complaint.

Section 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted. *See Neitzke v. Williams,* 490 U.S. 319, ——, 109 S.Ct. 1827, 1832–33, 104 L.Ed.2d 338 (1989). In keeping with this policy, we have previously approved the requirement that a litigant with some assets, but who is unable to pay the full fee, pay a partial filing fee. *See Johnson*

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

1. 28 U.S.C. § 1915 (1988) states in pertinent part:

(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

....

(d) The court may ... dismiss the case if ... satisfied that the action is frivolous or malicious.

*v. Kemp,* 781 F.2d 1570, 1571 (11th Cir. 1986); *Collier v. Tatum,* 722 F.2d 653, 655–56 (11th Cir.1983). Until today, however, we have not been presented with the question whether, once the fee has been ordered and paid, the complaint must be filed and served on the defendants.

 Federal Rule of Civil Procedure 4(a) states: "Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver the summons to the plaintiff or the plaintiff's attorney, who shall be responsible for prompt service of the summons and a copy of the complaint." A complaint is deemed filed upon payment of the filing fee. *See Franklin v. Oregon, State Welfare Div.,* 662 F.2d 1337, 1340–41 (9th Cir.1981). Therefore, Rule 4(a) requires that upon the filing of an ordinary complaint—one not filed *in forma pauperis*—the summons must be issued as soon as the filing fee is paid. *See id.; Bryan v. Johnson,* 821 F.2d 455, 457 (7th Cir.1987).

Section 1915(d)'s policy of curbing frivolous or malicious litigation requires no different result when a plaintiff proceeding *in forma pauperis* has paid a partial filing fee. That policy is adequately served if the district court, when it initially considers the plaintiff's motion to proceed *in forma pauperis,* makes its determination that the complaint is frivolous and dismisses the complaint at that time. And if the district court permits the complaint to be filed upon payment of a partial fee, the litigant's choice to pay that amount out of his limited assets indicates that, at the least, the litigant believes in his claim. We therefore adopt the rule articulated by the Seventh Circuit in *Bryan:* where a district court allows the litigant to proceed upon the payment of a partial filing fee, the court should treat the complaint "in the same manner as a complaint that was not filed *in forma pauperis.*" *Bryan,* 821 F.2d at 458; *see also In re Funkhouser,* 873 F.2d 1076, 1077 (8th Cir.1989) (following *Bryan* ).

 We hold, accordingly, that when the district court has granted an *in forma pauperis* motion and required payment of a partial filing fee, the court must issue the summons. "This practice will avoid any conflict between section 1915 and Fed.R. Civ.P. 4(a)," *Bryan,* 821 F.2d at 458 (quoting *Wartman v. Branch 7, Civil Div., County Court,* 510 F.2d 130 (7th Cir.1975)), without undermining section 1915(d)'s policy of curbing frivolous litigation by plaintiffs proceeding *in forma pauperis.* In such a case as the one before us today, where the defendants have not responded, the district court should first permit the plaintiffs to amend their complaint to overcome its deficiencies, as is their right under Fed.R.Civ.P. 15(a). If the district court then determines that the complaint is frivolous and that dismissal under section 1915(d) is warranted, the district court should dismiss the complaint without requiring plaintiffs to pay any filing fee.

### III.

For the foregoing reasons, we vacate the district court's order to dismiss. We instruct the district court to reinstate the action and to direct the issuance of a summons on defendants.

IT IS SO ORDERED.