# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

**Patrick Fisher**                                                           **Elisabeth A. Shumaker**
**Clerk**                                                                    **Chief Deputy Clerk**

April 29, 1996

**TO:** ALL ELECTRONIC RECIPIENTS OF THE CAPTIONED OPINION

**RE:**   95-1379, McKnight v. Zavaras
          Filed April 24, 1996 by Judge Seymour

Please be advised of the fillowing correction to the captioned decision:

In the 23rd line of the caption for defendants- appellees, the state of Colorado is incorrectly spelled Colorad.

Please make this correction to your copy.

Very truly yours,

Patrick Fisher,
Clerk

By:

Barbara Schermerhorn
Deputy Clerk

PAUL DELANO MCKNIGHT,

     Plaintiff-Appellant,

v.

ARISTEDES ZAVARAS, Colorado Department of
Corrections, in his official capacity for preliminary
injunction only; LOU HESSE, Warden/Superintendent of
Centennial Correctional Facility; IRVING JACQUEZ,
Major of Housing at Centennial Correctional Facility;
MAJOR FOSHEE, Major of Security at Centennial
Correctional Facility; MIKE THEISON, Lieutenant,
Security Shift Commander between 3:00 pm and 11:00 pm
on or about July 2, 1993 at Centennial Correctional
Facility; CAPTAIN HOLDITCH, B Unit Supervisor at
Centennial Correctional Facility; LIEUTENANT
BARDAZONA, B Unit Lieutenant at Centennial
Correctional Facility; SERGEANT DIRECTO, B Unit
Sergeant at Centennial Correctional Facility; OFFICER
PAULA (last name unknown), B Unit Correctional Officer
at Centennial Correctional Facility; JANE DOE, medical
Doctor at St. Thomas Moore in Canon City, Colorado on
duty July 1, 1993 between 10:00 pm ato 11:00 pm;
THOMAS COOPER, Warden/Superintendent of Colorado
Territorial Correctional Facility; JOHN AND/OR JANE
DOE, infirmary security officer at Colorado Territorial
Correctional Facility and JANE DOE, Nurse on duty July
1 and 2, 1993 between 11:00 pm and 7:00 am at Colorado
Territorial Correctional Facility Infirmary,

     Defendants-Appellees.

No. 95-1379
(D.C. No. 95-S-1039)
(Colorado)

# ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Paul Delano McKnight,[1] a state prisoner, brought a pro se civil rights action under 42 U.S.C. § 1983 against various prison officials for violations of his constitutional rights. Sua sponte, the district court dismissed his claims as frivolous under 28 U.S.C. § 1915(d). He appeals and we affirm.

Mr. McKnight contends that defendants violated his constitutional rights during events surrounding his stabbing by another inmate. We recount his version of what happened, which we accept as true for the purposes of this appeal. Mr. McKnight, who is black and a devout Muslim, was stabbed in the abdomen by another inmate, a known white separatist, who attached a crude knife to a broomstick and attacked Mr. McKnight through the food tray slot on his cell door. Mr. McKnight received prompt medical

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

[1] Appellant's name is variously rendered as "McKnight" and "McKnight-El." For the sake of brevity, we use the former variant.

attention. He was seen by a nurse at the correctional facility, and then transported by ambulance to a local hospital with which the prison had contracted to treat inmates. A doctor examined the wound but provided no other care. Mr. McKnight was then returned to the prison infirmary. Throughout that night, Mr. McKnight complained of pain, bleeding and other symptoms, but the nurse on duty only offered to provide aspirin or Tylenol. When a different nurse came on duty in the morning, she examined him and summoned a physician's assistant, who started an intravenous tube and arranged for an ambulance to transport Mr. McKnight back to the hospital. Upon his return to the hospital, he was told that his injury was life-threatening and that he needed immediate surgery.

Mr. McKnight claims his rights under the Eighth Amendment[2] were violated in two distinct ways. First, he claims he received inadequate medical treatment. Second, he claims prison officials failed to protect him from assault by the other inmate. We review a dismissal under section 1915(d) for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992). In so doing, we "consider, among other things, whether the plaintiff was proceeding pro se, whether the court inappropriately resolved genuine issues of disputed fact, whether the court applied erroneous legal conclusions, whether the court has provided a statement explaining the dismissal that facilitates 'intelligent appellate review,' and whether the dismissal was with or without prejudice." Id. at 34 (quoting Boag v. MacDougall, 454 U.S. 364, 365 n. (1982) (per curiam)) (citations omitted).

_____

[2] These rights were "made applicable to the States by the Fourteenth [Amendment]." Estelle v. Gamble, 429 U.S. 97, 101 (1976).

Mr. McKnight failed to establish that his medical treatment violated his constitutional rights. As the Supreme Court has explained,

> a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 106 (1976). Mr. McKnight was promptly brought to the hospital, where he was examined. The next morning, upon further examination, he was again brought to the hospital and treated. By his own version of these events, there is no sign of deliberate indifference. The district court properly held that Mr. McKnight's allegations established no more than simple negligence, if that.

Similarly, Mr. McKnight's claim that he was not protected from the other inmate fails. While "'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,'" Farmer v. Brennan, 114 S. Ct. 1970, 1976 (1994) (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir.), cert. denied, 488 U.S. 823 (1988)), the Supreme Court has "held that a prison official violates the Eighth Amendment only when two requirements are met," id. at 1977. First, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. Second, a prison official must be deliberately indifferent to inmate safety. Id. This means "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards

an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1979.

Mr. McKnight simply cannot meet these burdens. His pleadings do not suggest he faced any substantial risk. It is not enough for Mr. McKnight to point out that he is black and Muslim, or that his attacker was racist. The inmate who stabbed him was isolated in a cell, suggesting both that he posed little risk and that officials could not have effectively done more to minimize any potential danger. Moreover, Mr. McKnight does not suggest that officials knew of and disregarded any severe dangers. Another inmate found a cruel and devious way to attack Mr. McKnight, but prison officials cannot be said to have been deliberately indifferent. Although "[b]eing violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society,'" id. at 1977 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)), regrettably such assaults are not always preventable. The allegations set out in his pleadings do not supply a basis on which a court could grant legal relief.[3] The court did not abuse its discretion in dismissing his complaint.

Relying on Denton, Mr. McKnight argues he should have been granted leave to amend. See 504 U.S. at 34. However, we are not persuaded "it appears that frivolous factual allegations could be remedied through more specific pleading." Id. Rather, Mr. McKnight set out "claims of a legal interest which clearly does not exist." Neitzke v.

_____

[3] Similarly, Mr. McKnight's allegations do not state a claim under the Fifth or Fourteenth Amendments.

Williams, 490 U.S. 318, 327 (1989).  Mr. McKnight is correct when he complains that he was treated differently because he was not a paying pro se litigant, but this is a deliberate aspect of the legislative scheme that permits him to bring legal actions without cost.  Had he paid a filing fee, the court would have been bound to "permit [him] to amend [his] complaint to overcome its deficiencies, as is [his] right under Fed. R. Civ. P. 15(a)." Herrick v. Collins, 914 F.2d 228, 230 (11th Cir. 1990) (per curiam).  This is "[b]ecause a § 1915(d) dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the in forma pauperis statute."  Denton, 504 U.S. at 34.  Because Mr. McKnight proceeded in forma pauperis, the court did not err in dismissing his complaint sua sponte without giving him leave to amend.

We **AFFIRM** the judgment of the district court.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge