[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-14110
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 17, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-01307-CV-JTC-1

BRUCE GREGORY THOMPSON,

Plaintiff-Appellant,

versus

MAGISTRATE DONALD HICKS,
DETECTIVE TERRY THOMAS HAAS,
UNIFORM OFFICER M. I. CRIDER,
DETECTIVE ROMAN PEACOCK,
HOMER BISHOP,
DISTRICT ATTORNEY PATRICK H. HEAD, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 17, 2007)**

Before BLACK, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Bruce Gregory Thompson, a state prisoner proceeding pro se, appeals the district court's order denying his "Motion to Correct Order" filed in his underlying 42 U.S.C. § 1983 action. After review, we affirm.

## I. BACKGROUND

Thompson is currently serving a ten-year state sentence for charges arising out of a 2002 armed robbery of a Circle K Convenience Store ("Circle K") and the kidnaping and false imprisonment of Circle K clerk Thuy Nguyen.

On May 17, 2005, Thompson filed a complaint under 42 U.S.C. § 1983 seeking money damages against six governmental officers and employees, as well as Circle K. Thompson's § 1983 complaint alleged that these defendants conspired to charge him with armed robbery, false imprisonment, kidnaping, and firearm possession violations; that he was not indicted by a grand jury; that no evidence was presented to a magistrate judge or jury; that he was coerced into pleading guilty in state court; and that the defendants were keeping him in custody despite knowing that he did not commit the charged offenses. Thompson's § 1983 complaint thus necessarily implies the invalidity of his state convictions and sentences. Thompson paid the full civil filing fee of $250, as noted on the district

2

court's docket on June 14, 2005.

On June 29, 2005, and before service of process was issued, the district court dismissed Thompson's § 1983 complaint pursuant to 28 U.S.C. § 1915A and as barred under Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827 (1973), and Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). The district court further declined to construe Thompson's § 1983 complaint as a petition for writ of habeas corpus because he had not exhausted his state court remedies. Following the dismissal of his complaint, Thompson filed three motions for reconsideration. The district court denied each motion.

On May 22, 2006, Thompson filed his fourth motion, entitled a "Motion to Correct Order," which is the subject of this appeal (the "Fourth Motion"). His Fourth Motion alleged that: (1) the date he paid his filing fee was incorrectly entered on the docket; (2) the original complaint should not have been dismissed under § 1915A; (3) his third motion should have been considered as a timely motion for reconsideration; and (4) the magistrate judge's recommendations should have been entered on the record.

In a July 5, 2006 order, the district court denied Thompson's Fourth Motion. The district court explained that regardless of the date of the filing fee, it appropriately screened Thompson's claim under § 1915A. The district court

3

concluded that Thompson raised "no argument in the instant motion that would cause [it] to reconsider" its previous order.

On July 19, 2006, Thompson filed a notice of appeal challenging the district court's July 5, 2006 Order.[1]

## II. DISCUSSION

Reading Thompson's pleadings liberally, we characterize Thompson's Fourth Motion as a Federal Rule of Civil Procedure 60(b) motion for relief from judgment. See Nisson v. Lundy, 975 F.2d 802, 806-07 (11th Cir. 1992) (stating that a court may treat a motion as having been filed under Rule 60(b) as long as the motion states grounds that would be the basis for relief under Rule 60(b)). We review the denial of a Rule 60(b) motion for abuse of discretion. Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001).

A Rule 60(b) motion may provide relief from judgment due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could not have been discovered earlier with due diligence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment;

---

[1]The district court's first order dismissing Thompson's § 1983 action was filed on June 29, 2005. The district court then denied Thompson's three separate motions for reconsideration in separate orders on October 20, 2005, November 3, 2005, and May 12, 2006, respectively. Because Thompson's notice of appeal was not filed until July 19, 2006, we lack jurisdiction to review these orders. See Burnam v. Amoco Container Co., 738 F.2d 1230, 1231 (11th Cir. 1984) (stating that, as a jurisdictional prerequisite, a notice of appeal must be filed within thirty days of the entry of the judgment or order being appealed); Fed. R. App. P. 4(a)(1).

4

(5) a judgment that has been satisfied, released, discharged, reversed, or vacated; or (6) any other reason justifying relief from the operation of judgment. Fed. R. Civ. P. 60(b). In order to prevail under Rule 60(b), an appellant "must demonstrate a justification so compelling that the district court was required to vacate its order." Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1132 (11th Cir. 1986). Relief under Rule 60(b)(6) "is an extraordinary remedy, but it is within the district court's discretion to grant it in order to do justice." Ritter v. Smith, 811 F.2d 1398, 1400 (11th Cir. 1987).

Thompson first argues that he should have prevailed on his Rule 60(b) motion because a district court may not sua sponte dismiss a § 1983 complaint after a plaintiff has paid a civil filing fee. Thompson cites Herrick v. Collins, 914 F.2d 228 (11th Cir. 1990), where this Court stated that, under 28 U.S.C. § 1915(d), "when the district court has granted an in forma pauperis motion and required payment of a partial filing fee, the court must issue the summons." 914 F.2d at 230.

However, § 1915(d) has since been revised pursuant to the Prisoner Litigation Reform Act of 1995 (the "PLRA"), Pub L. No. 104-134, 110 Stat. 1321, 1321-73 to -74 (Apr. 26, 1996), and is now codified at 28 U.S.C. § 1915(e). Section 1915(e) applies only to plaintiffs who proceed in forma pauperis.

Contrarily, § 1915A does not distinguish between in forma pauperis plaintiffs and plaintiffs who pay the filing fees. See Carr v. Dvorin, 171 F.3d 115, 116 (2nd Cir. 1999) ("The language of [§ 1915A] does not distinguish between prisoners who proceed in forma pauperis and prisoners who pay the requisite filing fee."); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) ("The plain language of [§ 1915A], however, indicates that it applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding [in forma pauperis]."). Under § 1915A, the district court is required to review a complaint in which a prisoner seeks redress against governmental entities, employees, or officers and dismiss the complaint if it (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted or (2) seeks monetary relief from an immune defendant. Thompson was a prisoner who filed a complaint against governmental officers and employees and the district court was required to screen his complaint under § 1915A. Thus, with regard to those defendants, we conclude that the district court did not abuse its discretion in denying Thompson's Fourth Motion.

Thompson next argues that the district court erred in denying his Fourth Motion because the merits of his claims were arguable and not frivolous, and because the district court dismissed his original complaint without reaching the

6

merits. The district court did not consider the merits of Thompson's § 1983 complaint because it dismissed the complaint after determining that a judgment in Thompson's favor would necessarily imply the invalidity of his conviction and that his action was barred under Heck. See Heck, 512 U.S. at 479, 490, 114 S. Ct. at 2368, 2374 (affirming lower courts' finding that complaint alleging unlawful investigation, destruction of evidence, and unlawful voice identification procedure challenged the legality of petitioner's conviction and would necessarily imply the invalidity of the conviction or sentence); Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (stating that judgment in favor of plaintiff who alleged a conspiracy to convict him falsely would necessarily imply the invalidity of his conviction). The district court further determined that Thompson had produced no evidence that his underlying conviction had been invalidated. Thus, the district court properly dismissed Thompson's complaint under Heck and did not abuse its discretion in denying Thompson's Fourth Motion.

Finally, defendant Circle K is not a governmental entity subject to screening under § 1915A and thus the district court erred in dismissing Circle K under § 1915A. Nonetheless, we may affirm for reasons other than those stated by the district court. Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1433 n.9 (11th Cir. 1998). We do so here because Thompson so clearly failed to state a claim

7

against Circle K under § 1983.  In a § 1983 action, "a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law. . . . A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state."  Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001) (internal citation omitted).  Circle K was a private party, not a state actor.  Thus, Thompson's complaint failed to state a claim against Circle K, and he was not entitled to Rule 60(b) relief.

**AFFIRMED.**