[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15240
Non-Argument Calendar
_____

D. C. Docket No. 07-60216-CV-MGC

MICHAEL TRUPEI,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
U.S. DEPARTMENT OF JUSTICE,
DRUG ENFORCEMENT ADMINISTRATION,
U.S. PAROLE COMMISSION,
CITY OF FT. LAUDERDALE POLICE DEPARTMENT, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 18, 2008)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Michael Trupei, a federal prisoner proceeding pro se, appeals the dismissal of his civil rights complaint, brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq. and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), for failure to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). On appeal, Trupei argues that the district court erred in dismissing his complaint without first issuing a summons under Fed.R.Civ.P. 4 because his initial motion to proceed in forma pauperis ("IFP") was granted and he paid part of the filing fee. In his brief on appeal, Trupei asserts that false testimony was given in his grand jury proceedings. Trupei also submits that former U.S. Attorney Dexter W. Lehtinen was unconstitutionally appointed, Assistant U.S. Attorneys ("AUSAs"), Robert J. Lehner and James M. Lord, were not appointed by their superiors at the Department of Justice ("DOJ"), and AUSA Michael Walleisa was unlawfully sworn in by Lehtinen. Because these appointments were invalid, Trupei argues, the trial court did not have jurisdiction over his case. In the conclusion of his brief, Trupei submits that his complaint did not otherwise fail to state a claim. For the reasons set forth below, we affirm.

**I.**

A jury convicted Trupei in Florida on one count of conspiracy to possess phenylacetone, a controlled substance, with intent to distribute and to manufacture and distribute methamphetamine. United States v. Hogan, 986 F.2d 1364, 1367 (11th Cir. 1993). On appeal, we affirmed Trupei's conviction. Id. at 1375-76.

In late 2006, Trupei submitted a pro se civil complaint, which is at issue in this case, under the FTCA and Bivens against: (1) the United States; (2) the DOJ; (3) the Drug Enforcement Administration; (4) the U.S. Parole Commission; (5) the City of Fort Lauderdale Police Department; (6) Lehtinen, former U.S. Attorney; (7) Lehner, AUSA; (8) Lord, AUSA; (9) Mark J. Bumar, DEA agent; (10) Alfred J. Scotti, Fort Lauderdale police detective; and (11) Cherry L. McBrayer, U.S. Probation Officer.

Trupei generally alleged that the defendants falsely caused him to be indicted, tried, convicted, and imprisoned. Specifically, he alleged that (1) he was falsely arrested; (2) he was falsely imprisoned; (3) the defendants violated his due process rights by withholding exculpatory evidence; (4) the defendants committed fraud by providing the grand jury with false information; (5) the defendants withheld exculpatory evidence in breach of contract; (6) the defendants negligently withheld exculpatory evidence; (7) the defendants recklessly withheld exculpatory evidence; (8) the defendants appeared before the grand jury without the required

3

authorization; (9) Lehtinen, Lehner, and Lord engaged in abuse of process by prosecuting Trupei without authorization; and (10) the defendants were in dereliction of duty by failing to produce exculpatory evidence. Trupei sought, inter alia, an order dismissing the indictment, $100 million in actual damages, and other punitive damages.

In conjunction with his complaint, Trupei moved to proceed IFP. The district court granted Trupei's motion to proceed IFP to the extent that he was not required to prepay the costs and fees of the case, but it ordered him to pay a portion of the filing fee and to continue to make payments until he had paid the entire fee.

A magistrate judge then issued a report and recommendation ("R&R") and recommended dismissing Trupei's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted. The magistrate found that Trupei had raised no cognizable FTCA or Bivens claims. With respect to the FTCA, the magistrate first found that the FTCA permits claims only against the United States and provides individual federal employees with immunity from personal tort liability. The magistrate set out that the United States generally has waived its sovereign immunity for tort liability under the FTCA, but noted that, in 28 U.S.C. § 2680(h), the FTCA contains exceptions where the United States retains its sovereign immunity for claims arising out of assault, battery, false

4

imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. The magistrate concluded that all of Trupei's claims were essentially claims that arose out of the torts listed in 28 U.S.C. § 2680(h). In addition, the magistrate noted that 28 U.S.C. § 2680(a) exempts the government from liability for acts of prosecutorial discretion, and it concluded that the decision to prosecute Trupei, the appointment of prosecutors, and the decision to disclose exculpatory material were acts of prosecutorial discretion. Therefore, the magistrate found that Trupei's claims that were based on acts of prosecutorial discretion were barred under 28 U.S.C. § 2680(a). Accordingly, the magistrate recommended that Trupei's claims brought under the FTCA be dismissed for lack of subject matter jurisdiction.

With respect to Trupei's <u>Bivens</u> claims, the magistrate found that the claims arising out of Trupei's conviction and sentence attacked the legality of his conviction and sentence, such that they were foreclosed under <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) and its progeny. Accordingly, the magistrate recommended dismissing Trupei's complaint for failing to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Trupei filed objections to the magistrate's R&R, arguing that the magistrate

improperly ruled against him without first ordering the summons and complaint to be served on the defendants. He argued that, because the court granted his motion to proceed IFP, the court should have directed the clerk of court to issue the summons and complaint on the defendants.

The district court affirmed and adopted the magistrate's R&R and dismissed Trupei's complaint for failure to state a claim upon which relief could be granted.

Trupei filed a motion for reconsideration, pursuant to Fed.R.Civ.P. 59(e), arguing that the magistrate should have judged the sufficiency of his complaint in considering his IFP motion and should not have ordered him to pay a partial filing fee if the complaint failed to state a claim. He also argued that his claims were meritorious, and he realleged that the defendants violated and continued to violate his substantial rights. Trupei argued that the magistrate violated Fed.R.Civ.P. 4(a) by failing to issue the summons, and he sought to have the summons and the complaint served on the defendants to allow them to respond before the court evaluated his complaint.

The district court denied the motion for reconsideration, again finding that the dismissal of Trupei's complaint was proper for the reasons set out in the magistrate's R&R. Thereafter, Trupei filed a notice of appeal, identifying only the denial of his motion for reconsideration.

6

**II.**

As an initial matter, even though Trupei's notice of appeal referenced only the denial of his motion for reconsideration, we will construe the notice of appeal to appeal the dismissal of his complaint as well. See Kicklighter v. Nails by Jannee, Inc., 616 F.2d 734, 738-39 n.1 (5th Cir. 1980) (indicating that a notice of appeal stating that it appeals an order on a tolling post-judgment motion should be construed as an appeal from the underlying order and not merely from the denial of a post-trial motion).

We review the dismissal of a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo. Bilal v. Driver, 251 F.3d 1346, 1348-49 (11th Cir. 2001). "The standards governing dismissals under Rule 12(b)(6) apply to § 1915(e)(2)(B)(ii)." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir.), petition for cert. filed, (U.S. Sept. 19, 2008) (No. 08-6426). We view the allegations in the complaint as true and construe pro se complaints liberally. Douglas v. Yates, 535 F.3d 1316, 1319-20 (11th Cir. 2008). "We review the denial of a motion to alter or amend a judgment under Rule 59(e) for abuse of discretion." Shuford v. Fidelity Nat'l Prop. & Cas. Ins. Co., 508 F.3d 1337, 1341 (11th Cir. 2007).

**A.     Dismissal Despite Trupei's IFP Status and Partial Payment of the Filing Fee**

7

In Herrick v. Collins, 914 F.2d 228 (11th Cir. 1990), we considered a situation where a district court sua sponte dismissed a civil rights complaint as frivolous, after requiring the plaintiffs, who were prisoners proceeding pro se, to pay a partial filing fee. 914 F.2d at 229. We concluded that the district court should have determined whether the complaint was frivolous before it ordered the plaintiffs to pay a partial filing fee and held that, under 28 U.S.C. § 1915(d), "when the district court has granted an in forma pauperis motion and required payment of a partial filing fee, the court must issue the summons." Id. at 229-30. We reasoned that Fed.R.Civ.P. 4(a) required the summons to be issued as soon as the filing fee was paid when an ordinary complaint was filed and that nothing in § 1915(d) required a different result when a plaintiff proceeding IFP paid a partial filing fee. Id. at 230. Accordingly, we vacated the district court's order and instructed the court to reinstate the action and to direct the issuance of a summons on the defendants. Id. We offered no opinion as to the merits of the complaint. Id. at 229.

Here, the district court did not err in dismissing Trupei's complaint, despite the fact that he was granted leave to proceed IFP and had been required to pay a partial filing fee. Under the current version of 28 U.S.C. § 1915, such a practice is permitted. Trupei's reliance on Herrick is misplaced because both 28 U.S.C.

8

§ 1915 and Fed.R.Civ.P. 4 have been significantly altered since the opinion was issued. In 1990, the year <u>Herrick</u> was decided, 28 U.S.C. § 1915 provided, "The court . . . may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1990). Subsection (a) allowed the authorization of a civil suit "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a).

However, the current version of 28 U.S.C. § 1915, which became effective in 1996, provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (ii) fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2) (2008); Pub. L. No. 104-134, § 804(a)(5), 110 Stat. 1321, 1321-74 (1996) (amending the statute to include the language requiring a court to dismiss a case "at any time" for failure to state a claim, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid").

Furthermore, the 1990 verison of Fed.R.Civ.P. 4 stated, "Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver the summons to the plaintiff or the plaintiff's attorney, who shall be responsible for prompt service of the summons and a copy of the complaint." Fed.R.Civ.P. 4(a) (1990).

9

However, the current version of Fed.R.Civ.P. 4 provides, "On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Fed.R.Civ.P. 4(b) (2008). Therefore, at the time of the Herrick decision, Fed.R.Civ.P. 4(a) required the clerk to issue a summons upon the filing of a complaint, but under the current version of the rule, Fed.R.Civ.P. 4(b), the plaintiff is responsible for presenting the summons to the clerk and serving it on the defendants.

Given that both 28 U.S.C. § 1915 and Fed.R.Civ.P. 4 have been substantively changed since 1990, the Herrick decision does not control the outcome of this case. Under the current version of 28 U.S.C. § 1915(e)(2), the district court properly dismissed Trupei's complaint, despite the fact that he was proceeding IFP and had been ordered to pay part of the filing fee. See 28 U.S.C. § 1915(e)(2) (requiring a court, acting sua sponte, to dismiss a case "at any time" and "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid" if the action fails to state a claim on which relief may be granted). The current version of the statute recognizes that a court may grant a plaintiff's motion to proceed IFP, yet thereafter, determine that a case should be dismissed due to deficiencies in the complaint, whether or not the summons has issued. See id.;

10

Fed.R.Civ.P. 4(b). Accordingly, the district court committed no error in this regard.

## B. Dismissal for Failure to State a Claim

As to the district court's finding that Trupei's complaint failed to state a claim upon which relief could be granted, Trupei did not explicitly challenge this finding in his brief on appeal. However, his brief discusses that defendants Lehtinen, Lehner, and Lord did not have authorization to prosecute him, such that the court did not have jurisdiction over his case, and we will liberally construe his brief to raise this jurisdictional argument. Furthermore, we will liberally construe his statement – that he learned that false testimony was given before the grand jury – as raising an argument that his complaint stated a claim that Lehtinen, Lehner, and Lord gave false testimony before the grand jury. We do not address Trupei's argument with respect to Walleisa because Walleisa was not named as a defendant in the complaint. Finally, as discussed in section II.B.ii of this opinion, Trupei abandoned any challenge to the district court's findings as to the other defendants.

### i. Defendants Lehtinen, Lehner, and Lord

#### a. Appointment and Jurisdiction

Federal Rule of Criminal Procedure 12 provides that certain motions must be made before trial, including "a motion alleging a defect in instituting the

prosecution" and "a motion alleging a defect in the indictment or information." Fed.R.Crim.P. 12(b)(3)(A), (B). Subsection (e) provides, "A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver." Fed.R.Crim.P. 12(e). In any event, the court must rule on pretrial motions before trial unless it finds good cause to defer a ruling. Fed.R.Crim.P. 12(d).

In United States v. Suescun, the appellant argued, inter alia, that: (1) the indictment was a nullity because it was obtained by a U.S. Attorney who had not been properly appointed under U.S. Const. art. II, § 2, cl. 2; and (2) his convictions were a nullity because the Appointments Clause and the Separation of Powers principle prevented the district court from appointing the interim U.S. Attorney. 237 F.3d 1284, 1286 (11th Cir. 2001). We concluded that the appellant alleged a defect in the proceedings, such that he was required to present his objections prior to trial or at the time set by the court, pursuant to Fed.R.Crim.P. 12(f), and we noted that he failed to do so. Id. at 1286-87. Accordingly, we concluded that he waived his challenges and that he had not sought relief from the waiver. Id. at 1287. In analyzing whether a jurisdictional exception to the waiver applied, we concluded that "[a]n appointment of a United States Attorney that is not made as provided by the Appointments Clause does not affect the Government's power to

12

prosecute," such that, even if the appointment of the temporary U.S. Attorney was invalid, the district court had jurisdiction to entertain the case and adjudicate the appellant guilty of the offenses. Id. at 1287-88.

Here, like the appellant in Suescun, Trupei challenges his conviction on the basis that Lehtinen, Lehner, and Lord, as a former U.S. Attorney and AUSAs, were not properly appointed. However, as in Suescun, Trupei should have raised this alleged defect in the proceedings in a pre-trial motion made under Fed.R.Crim.P. 12(b)(3). His failure to do so means that he has waived any challenge to his conviction on this ground. See Fed.R.Crim.P. 12(e) (2008)[1]; Suescun, 237 F.3d at 1286-87. Trupei has not sought relief from the waiver for good cause with the district court or this Court. See id. Furthermore, Trupei's argument – that the trial court did not have jurisdiction over him because Lehtinen, Lehner, and Lord had not been properly appointed – is foreclosed by Suescun, where we held that even if the U.S. Attorney's appointment was invalid, the court still retained jurisdiction to entertain the case and adjudicate the appellant guilty. See Suescun, 237 F.3d at 1286-87. Accordingly, Trupei has waived his argument that the proceedings were defective, and his claim that the trial court was without jurisdiction is without merit.

---

[1] Federal Rule of Criminal Procedure 12 was amended in 2002, when subsection (f) was changed to subsection (e). See Fed.R.Crim.P. 12 at 2002 Amendments. The Amendment provides, "Although amended Rule 12(e) is a revised version of current Rule 12(f), the Committee intends to make no change in the current law regarding waivers of motions or defenses." Id.

13

### b. False Testimony before the Grand Jury

### Federal Tort Claims Act

As an initial matter, the FTCA authorizes claims only against the United States. See 28 U.S.C. § 2679(b)(1) (providing that the remedy against the United States for injuries resulting from the acts of government employees acting in the scope of their employment is "exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim"); see also Galvin v. Occupational Safety and Health Admin., 860 F.2d 181, 183 (5th Cir. 1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."). Accordingly, the district court correctly determined that Trupei's complaint failed to state a claim against any of the defendants other than the United States under the FTCA, as they were all either federal or state employees or agencies.

Under the FTCA, the United States has waived sovereign immunity in 28 U.S.C. § 1346(b)(1), which provides that

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

14

28 U.S.C. § 1346(b)(1); see also Nguyen v. United States, No. 07-12874, manuscript op. at 12 (11th Cir. Oct. 21, 2008).  However, an exception to the waiver of sovereign immunity lies in 28 U.S.C. § 2680(a), which provides that the waiver in § 1346(b) "shall not apply to":

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a); see also Nguyen, No. 07-12874, manuscript op. at 12.

It initially appears that the United States has retained its sovereign immunity with respect to Trupei's claims that Lehtinen, Lehner, and Lord gave false testimony before the grand jury because, as a U.S. Attorney and AUSAs, the act of giving testimony was a discretionary act made in the scope of their job responsibilities.  See Nguyen, No. 07-12874, manuscript op. at 13-15 (determining that 28 U.S.C. § 2680(a) applies when a government employee makes decisions that are part of the employee's "job-related powers and responsibilities"); Smith v. United States, 375 F.2d 243, 248 (5th Cir. 1967) (holding that "§ 2680(a) exempts the government from liability for exercising the discretion inherent in the prosecutorial function of the Attorney General, no matter whether these decisions are made during the investigation or prosecution of offenses"); see also Moore v.

15

<u>United States</u>, 213 F.3d 705, 713 n.7 (D.C. Cir. 2000) (stating that "the presentation of evidence to the grand jury [] is a discretionary function immune from suit under the FTCA").  Accordingly, these defendants' acts with respect to testimony before the grand jury fall within the exception in 28 U.S.C. § 2680(a), pursuant to which the United States has retained its sovereign immunity.  However, for certain torts, a plaintiff may still proceed against the United States, despite the government employee's actions being covered by § 2680(a).

Section 2680(h) of Title 28 sets out exceptions to the general waiver of sovereign immunity and provides,

> [a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: <u>Provided</u>, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution.  For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680(h).  We recently concluded that, while the first part of § 2680(h) discusses specific exceptions to the waiver of immunity and "reinforces what paragraph (a) provides" in the context of the listed claims, "[t]he proviso in § 2680(h) takes the claims it specifies out of the exceptions and makes the general

16

waiver applicable to them. It is an exception to the exceptions to the waiver of sovereign immunity." Nguyen, No. 07-12874, manuscript op. at 15-16. Accordingly, we held that "the United States has waived its sovereign immunity for the claims listed in the § 2680(h) proviso," and that "a lawsuit against the United States is permitted insofar as it asserts those claims." Id. at 16.

Here, the district court mistakenly concluded that the United States retained immunity over Trupei's false arrest, false imprisonment, abuse of process, and malicious prosecution claims to the extent that he raised them against investigative or law enforcement officers. See id. at 15-16; 28 U.S.C. § 2680(h). Nevertheless, Trupei's complaint still failed to state a claim against Lehtinen, Lehner, and Lord as to those specific torts because, as prosecutors, they do not qualify as "investigative or law enforcement officer[s]" within the meaning of 28 U.S.C. § 2680(h), as they were not empowered to execute searches, seize evidence, and make arrests. See 28 U.S.C. § 2680(h); 28 U.S.C. § 547 (setting out the duties of U.S. Attorneys and not listing the execution of searches, seizure of evidence, or making of arrests); Moore, 213 F.3d at 710 (holding that "none of [the prosecutor's] conduct can be the basis for a malicious prosecution claim against the government because he is not an investigative or law enforcement officer" (citing 28 U.S.C. § 2680(h))); Bernard v. United States, 25 F.3d 98, 104 (2d Cir. 1994) ("The FTCA authorizes suits for abuse of process based only on the actions of

17

federal investigative or law enforcement officers, not on the actions of government prosecutors."). Accordingly, because the United States retained immunity over the discretionary acts with respect to grand jury testimony as to Lehtinen, Lehner, and Lord under 28 U.S.C. § 2680(a) and because they did not qualify under the proviso in § 2680(h), the district court correctly concluded that Trupei's complaint failed to state a claim under the FTCA as to these defendants.

## Bivens

"Because of the similarity in the causes of action, a Bivens case challenges the constitutionality of federal officials' conduct, while § 1983 challenges the constitutionality of state officials' conduct, we generally apply § 1983 law to Bivens cases." Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998) (quotation omitted). "To prevail on a claim under § 1983, a plaintiff must demonstrate both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). Although § 1983 authorizes actions only against state officials, the Supreme Court has held that the same type of action may be pursued against federal officials when a plaintiff has suffered a deprivation of a constitutional right. Bivens, 403 U.S. at 389, 91 S.Ct. at 2001.

In Heck, the Supreme Court held that,

18

in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87, 114 S.Ct. at 2372 (footnote omitted); see also Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (holding that "the Heck rule applies to Bivens damages claims").

Here, the district court correctly determined that Trupei's claims attacked the legality of his conviction and sentence. In his complaint, Trupei's overall contention is that Lehtinen, Lehner, and Lord improperly or unlawfully caused him to indicted, tried, convicted, and sentenced. Trupei's Bivens claims essentially sought to invalidate his conviction and sentence, and, as such, they are barred under Heck. See Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372. Accordingly, the district court correctly dismissed his Bivens claims as to Lehtinen, Lehner, and Lord.

**ii.  Other Defendants**

With respect to the remaining defendants, Trupei has abandoned any challenge to the district court's finding – that his complaint failed to state a claim upon which relief could be granted – by failing to argue it on appeal. In his brief,

19

apart from his discussion relating to Lehtinen, Lehner, and Lord, Trupei argues only that the court erred in dismissing his complaint because the court did not issue the summons despite the fact that he was allowed to proceed IFP and had paid a partial filing fee. Trupei does not mention or cite to the FTCA or Bivens in his brief, and he makes a single conclusory statement that his complaint did not fail to state a claim. This conclusory statement, without any supporting argument, is insufficient to raise the issue that the court erred in determining that his complaint failed to state a claim upon which relief could be granted as to the remaining defendants. See Fed.R.App.P. 28(a)(9)(A) (requiring an appellant's brief to include an argument containing "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); Timson v. Sampson, 518 F.3d 870, 874 (11th Cir.) (noting that, while we read pro se briefs liberally, "issues not briefed on appeal by a pro se litigant are deemed abandoned"), cert. denied, 129 S.Ct. 74 (2008).

### III.

Based on the reasons set forth above, we conclude that the district court properly dismissed Trupei's complaint despite his IFP status and partial payment of the filing fee because such a practice is permitted under 28 U.S.C. § 1915(e)(2). With respect to Lehtinen, Lehner, and Lord, the court properly dismissed Trupei's complaint because he waived his challenge that the proceedings were defective and

20

raised no cognizable claims under the FTCA or <u>Bivens</u>.  As to the other defendants, Trupei abandoned any challenge to the court's findings.  Accordingly, we affirm the district court's dismissal of Trupei's complaint.  We also affirm the denial of his Rule 59(e) motion for reconsideration because Trupei presented the identical arguments in his motion as he did in his objections to the R&R.  <u>Michael Linet, Inc. v. Village of Wellington, Fla.</u>, 408 F.3d 757, 763 (11th Cir. 2005) (noting that a litigant cannot use a Rule 59(e) motion to relitigate old matters).

**AFFIRMED.**