**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-6177**

---

GARFIELD WILLIAM HOLLEY,

       Plaintiff – Appellant,

v.

MR. J. COMBS, Assistant Warden of Operations, Wallens Ridge State Prison; CORRECTIONAL OFFICER EDWARDS; CORRECTIONAL OFFICER M. WYNN; CORRECTIONAL OFFICER LAWSON; CORRECTIONAL OFFICER MUNCY,

       Defendants – Appellees.

---

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.   Elizabeth K. Dillon, Chief District Judge.  (7:20-cv-00545-EKD-JCH)

---

Argued:  January 28, 2025                          Decided:  April 8, 2025

---

Before GREGORY, WYNN, and HEYTENS, Circuit Judges.

---

Reversed and remanded by published opinion.  Judge Wynn wrote the opinion, in which Judge Gregory concurred. Judge Heytens wrote an opinion concurring in the judgment.

---

**ARGUED:** Zachary D. Poppe, UNIVERSITY OF GEORGIA SCHOOL OF LAW, Athens, Georgia, for Appellant.  Michael Christopher Dingman, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.  **ON BRIEF:** Thomas V. Burch, Appellate Litigation Clinic, UNIVERSITY OF GEORGIA SCHOOL OF LAW, Athens, Georgia, for Appellant.  Jason S. Miyares, Attorney General,

Timothy E. Davis, Assistant Attorney General, Erika L. Maley, Solicitor General, Kevin M. Gallagher, Principal Deputy Solicitor General, Brendan Chestnut, Deputy Solicitor General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

———————

WYNN, Circuit Judge:

Under the Prison Litigation Reform Act, prisoners who have had three or more lawsuits dismissed as "frivolous, malicious, or fail[ing] to state a claim" are prohibited from bringing a civil action without prepaying the filing fee (the "three-strikes rule"). 28 U.S.C. § 1915(g).

In this appeal, inmate Garfield Holley contends the district court erred by dismissing his Section 1983 complaint for failing to pay the filing fee because he qualifies under the Act's exception for litigants who are in "imminent danger of serious physical injury." *Id.* We agree that Holley satisfies the exception and therefore reverse and remand for further proceedings.

## I.

In September 2020, Holley (proceeding pro se) sued Defendants, who are officers at Wallens Ridge State Prison, for transporting him to a dental appointment in a dog cage and for his subsequent treatment. The district court dismissed his complaint without prejudice for failure to pay the filing fee, because it found that Holley had three strikes under the Prison Litigation Reform Act and had not alleged an imminent danger of serious physical injury. The court found that "the only specific facts alleged by him relate to" incidents that "occurred approximately two years before he filed his complaint." *Holley v. Combs*, No. 7:20-cv-545, 2021 WL 4269480, at *1 (W.D. Va. Sept. 20, 2021). Holley filed a motion for reconsideration, which the district court denied. Holley timely appealed.

We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291. *See Hall v. United States*, 44 F.4th 218, 222 (4th Cir. 2022) (finding jurisdiction where district court

3

dismissed complaint for failure to pay the filing fee); *Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (en banc) (holding that a dismissal without prejudice and without express leave to amend is a final order under § 1291). And we review de novo "a district court's conclusion that a three-strikes litigant has not adequately alleged that he or she is in imminent danger of serious physical injury." *Hall*, 44 F.4th at 222.

Holley's notice of appeal only sought review of the denial of his motion for reconsideration, but now that he is represented by counsel, his attorneys ask us to construe his appeal to target the district court's initial decision to deny him permission to proceed without prepaying the filing fee (also called "in forma pauperis" status). We will do so, as the substance of his informal briefing addressed the initial dismissal, and courts are instructed to "liberally construe[]" the filings of pro se litigants, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see, e.g.*, *Trupei v. United States*, 304 F. App'x 776, 779 (11th Cir. 2008) (per curiam) ("[E]ven though [the pro se federal prisoner]'s notice of appeal referenced only the denial of his motion for reconsideration, we will construe the notice of appeal to appeal the dismissal of his complaint as well.").

Similarly, we consider the arguments and documentation Holley submitted in his opposition to be incorporated in his complaint.[1] *See Garrett v. Elko*, 120 F.3d 261, 1997 WL 457667, at *1 (4th Cir. 1997) (unpublished, per curiam table decision) ("[I]n order to

---

[1] However, we decline to consider those allegations submitted only in Holley's motion for reconsideration—i.e., allegations that were not before the district court when it dismissed the case.

determine whether the claim of a *pro se* plaintiff can withstand a motion to dismiss, it is appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff." (citing *Gordon v. Leeke*, 574 F.2d 1147, 1149–51 (4th Cir. 1978) (applying this approach))).

## II.

The sole question before us is whether Holley has adequately pleaded that he was in imminent danger of serious physical injury when he filed his complaint. We conclude that he has.

"[T]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Newkirk v. Kiser*, 812 F. App'x 159, 159 (4th Cir. 2020) (per curiam) (quoting *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013)). This means we accept Holley's well-pleaded allegations as true at this stage of the proceedings. *See Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 364–65 (4th Cir. 2012).

In his complaint, Holley alleges abominable treatment with disturbing specificity. In October 2018, Defendants allegedly forced sixty-five-year-old Holley, who has asthma, to ride chained up in a padlocked dog cage, in the back of a dirty pickup truck, in near-freezing temperatures, for more than six hours—all because Holley filed a grievance about a delayed medical procedure. Holley was so tightly bound that he could not reach his inhaler as he breathed in dust and exhaust fumes. He contracted pneumonia because of this experience. Prison officials again allegedly delayed Holley's medical care until he was "nearest death" and "laid" on the floor of his cell "wheezing," more than three weeks after

5

the truck ride. J.A. 36.[2] Although he was mostly unconscious during his resulting two-day stay in the intensive care unit, officers allegedly handcuffed him so tightly that he had half-inch-deep cuts in his wrists and his hands swelled to "3 times their normal size," resulting in permanent damage. J.A. 27. An unidentified officer then allegedly confirmed that they were punishing Holley for his complaints and for his race: "There lays old Holley, always writing up shit, bitching about no coffee and no juice; good riddance! Holley dying cuffed-up, non-stopped your black ass to hell!" J.A. 28. Officers left the over-tightened handcuffs on even after Holley was moved from the intensive care unit. After he returned from the hospital, Holley was then, yet again, "denied timely access to medical treatment" for his injuries, and officers instead put him in "medical solitary confinement" for a month from late 2018 to early 2019. J.A. 56.

These allegations paint a picture of deliberate retaliation against Holley for complaining about his conditions of confinement. Further, according to Holley, these punishments were not isolated occurrences. He alleges a pattern of retaliatory treatment against prisoners deemed to be disruptive. Holley cites news reports that include claims that officers assaulted prisoners who:

- complained about their lack of access to recreation,

- complained that they had not received their medication, and

- practiced Islam.

---

[2] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal. We have standardized the punctuation and capitalization in some quotes from Holley's handwritten filings.

One of these prisoners claimed that "I'm not the only person that this has happened to. It happens to a lot of people." J.A. 63. Holley alleges that there have been "over 20 years of credible inmate complaints . . . about [Wallens Ridge State Prison's] correctional officers' excessive use of force on inmates as a means of punishment." J.A. 59.

The facts of this case resemble those of our unpublished opinion in *Newkirk*, 812 F. App'x 159. There, the plaintiff "described one incident in which he was allegedly subjected to excessive force" and "claimed that prison staff members regularly assault inmates without cause and threaten inmates who complain." *Id.* at 160. The district court concluded that the plaintiff did not adequately plead an imminent danger of serious physical injury. *Id.* at 159. We disagreed because the plaintiff had "adequately described a pattern 'that prison staff members regularly assault inmates without cause and threaten inmates who complain' and detailed how prison staff members had assaulted him." *Hall*, 44 F.4th at 225 (quoting *Newkirk*, 812 F. App'x at 160). We held that "[a] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the" imminent-danger exception. *Newkirk*, 812 F. App'x at 160 (cleaned up) (quoting *Andrews v. Cervantes*, 493 F.3d 1047, 1056–57 (9th Cir. 2007)); *see also Johnson v. Warner*, 200 F. App'x 270, 271 (4th Cir. 2006) (per curiam) (vacating denial of in forma pauperis status where a prisoner alleged "a number of . . . assaults by prison guards").

Two years later, we reaffirmed the principles set forth in *Newkirk* in a published opinion, *Hall v. United States*. In that case, a prisoner alleged that the prison denied him surgery and specialist medical services, thus "causing a reduction in lung capacity and lung damage." *Hall*, 44 F.4th at 221. The district court denied him in forma pauperis status. *Id.*

7

at 222. We vacated and clarified the imminent-danger standard. Although "past allegations of danger or threats of harm *on their own* are insufficient to satisfy the exception," we explained, they "may be considered in evaluating whether the danger is imminent at the time of filing." *Id.* at 224. We then held that a litigant meets the imminent-danger exception if "a pattern of past conduct . . . places [them] in [ongoing] imminent danger of harm." *Id.* at 225 (citing *Newkirk*, 812 F. App'x at 160). We also noted the "commonsense requirement that a prisoner's allegation of imminent danger must relate to their underlying claims," but clarified that the court need not be able to redress the imminent danger for the exception to apply. *Id.* at 231–32.

Even though the dog-cage incident occurred more than two years before Holley filed his complaint, Holley has adequately pleaded that Wallens Ridge State Prison officers are engaged in an ongoing practice of retaliation against those who, like him, have complained about their treatment. His allegations stretch from 1998, when he says a Wallens Ridge official kicked him in the back without provocation, to the present day. He alleges with specificity "a practice that has injured" both him and "others similarly situated." *Id.* at 225 (quoting *Newkirk*, 812 F. App'x at 160), including by citation to several news articles related to the treatment of prisoners at Wallens Ridge.

Holley's allegations are much more specific than those in *Newkirk*, where the prisoner alleged that prison officials assaulted him once and "claimed that prison staff members regularly assault inmates without cause and threaten inmates who complain." 812 F. App'x at 160. There is also a clear nexus between the alleged pattern and Holley's underlying claim—he was allegedly locked in the dog cage in retaliation for submitting a

8

grievance. *See Hall*, 44 F.4th at 231 (requiring a nexus between the alleged imminent danger and the underlying claim). We therefore disagree with Defendants' contention that Holley "fails to allege a pattern of ongoing misconduct," Response Br. at 14, and disagree with the district court's decision to deny Holley in forma pauperis status. (We appreciate, however, that the district court issued its decision without the benefit of *Hall*.)

Defendants wish for us to elide the uncomfortable details of this case and conclude that Holley's allegations are "generalized." *Id.* at 20. But Holley's allegations are quite specific. Defendants also argue that Holley's claims are "frivolous." *E.g.*, *id.* at 21, 22. But we decline to characterize the merits of his claims at this stage of the litigation. Finally, and a touch dramatically, Defendants claim that we would "disembowel" the Prison Litigation Reform Act if we allow Holley to proceed without prepaying the filing fee. *Id.* at 23 (quoting *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 316 (3d Cir. 2001) (en banc)). But the imminent-danger exception is not a judge-made rule; the Act itself provides that serial litigants who meet the exception's requirements can proceed without prepaying the filing fee. Holley pleaded with specificity that he qualifies for the exception, so we follow Congress's instruction and permit his claims to be heard.

## III.

We reverse and remand for further proceedings.

*REVERSED AND REMANDED*

9

TOBY HEYTENS, Circuit Judge, concurring in the judgment:

For reasons others have explained, I do not think the imminent-danger exception to 28 U.S.C. § 1915(g) is "a mere pleading requirement." *Hall v. United States*, 44 F.4th 218, 238 (4th Cir. 2022) (Richardson, J., concurring in the judgment); see *id.* at 238–40; *Pinder v. WellPath, LLC*, 112 F.4th 495, 501 (8th Cir. 2024) (holding district courts may conduct a "narrow evidentiary inquiry" to determine if the imminent-danger exception is satisfied and collecting cases). Still, I agree the district court erred here in denying Garfield Holley in forma pauperis status because I think Holley made a sufficient showing that he was experiencing "ongoing serious physical injury" related to his asthma. *Hall*, 44 F.4th at 224 (quotation marks removed). And because I think Holley satisfied Section 1915(g) for that reason, I would not address whether he has also demonstrated "a pattern of past conduct that place[d] [him] in imminent danger of harm." *Id.* at 225.

10