Abel H. HERNANDEZ,
Plaintiff–Appellant,

v.

Edward C. ALDRIDGE, III, Secretary, Department of the Air Force, Defendant–Appellee.

No. 88–5603.

United States Court of Appeals, Fifth Circuit.

June 5, 1990.

---

**387**

defective complaint by the district court Clerk's office constituted a 'filing' for the purposes of 42 U.S.C. § 2000e–16(c) (1982)." *Hernandez*, 110 S.Ct. 1314. We now reverse the district court's dismissal and remand to that court for further consideration.

## I. FACTS AND PROCEDURAL HISTORY

Hernandez pursued his administrative remedies [1] in this discrimination action, and on February 16, 1988, the Equal Employment Opportunity Commission ("EEOC") issued a final decision determining that the Air Force had shown legitimate, nondiscriminatory reasons for reprimanding Hernandez. Hernandez received notice of this final decision, and his right-to-sue letter on February 18, 1988.

On March 10, 1988, Hernandez timely submitted his civil complaint to the United States District Court Clerk, which the clerk stamped "received." Record on Appeal, p. 67. However, this complaint was not actually filed by the clerk until March 29, 1988, when Hernandez's motion to proceed in forma pauperis was granted by the district court. Upon the Government's motion, the district court then dismissed Hernandez's complaint for lack of jurisdiction; Hernandez failed to file his complaint within thirty days of receiving notice of the EEOC's final decision, as required by 42 U.S.C. § 2000e–16(c).

## II. DISCUSSION

In our prior decision, this Court concluded that we were bound by precedent to affirm the district court; that the thirty day limitation period contained in 42 U.S.C. § 2000e–16(c) is a jurisdictional limitation, and not subject to waiver, estoppel, or equitable tolling. *Brown v. Department of Army*, 854 F.2d 77 (5th Cir.1988); *Bell v. Veterans Administration Hospital*, 826 F.2d 357 (5th Cir.1987); *Eastland v. Tennessee Valley Authority*, 553 F.2d 364 (5th

Abel H. Hernandez, San Antonio, Tex., pro se.

Jack B. Moynihan, Asst. U.S. Atty., Helen M. Eversberg, U.S. Atty., Le Roy Morgan Jahn, Asst. U.S. Atty., San Antonio, Tex., for defendant-appellee.

Before CLARK, Chief Judge, JOHNSON, and JOLLY, Circuit Judges.

JOHNSON, Circuit Judge:

Appellant Abel H. Hernandez ("Hernandez") brought the instant action alleging that he had been discriminated against by the Department of the Air Force. The district court dismissed the complaint for lack of jurisdiction. This Court determined that we were bound by precedent to affirm. *Hernandez v. Aldridge*, 866 F.2d 800 (5th Cir.1989), *vacated*, —— U.S. ——, 110 S.Ct. 1314, 108 L.Ed.2d 490 (1990). On March 5, 1990, the United States Supreme Court vacated with costs the judgment of this Court, and "remanded to the United States Court of Appeals for the Fifth Circuit to consider whether or not, in all of the circumstances of the case, receipt of the non-

1. The facts of this case are fully set forth in this Court's previous opinion, *Hernandez*, 866 F.2d at 801.

Cir.), *cert. denied*, 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977).

Rather than resolve the conflict which exists among the circuit courts,[2] the Supreme Court has directed this Court to consider whether Hernandez's complaint was in fact "filed" on March 10, 1988, when Hernandez submitted his complaint to the clerk.

Federal Rule of Civil Procedure, Rule 5 defines filing with the court as follows, "[t]he filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court." [3] Fed.R.Civ.P. 5(e). This Court has determined that when a notice of appeal is in the custody of the clerk within the time required by statute, the notice has been "filed" within the requisite time despite the clerk's failure to *actually* "file" the notice. *Ward v. Atlantic Coast Line Railroad Co.*, 265 F.2d 75, 80 (5th Cir. 1959), *reversed on other grounds*, 362 U.S. 396, 80 S.Ct. 789, 4 L.Ed.2d 820 (1960). In *Deloney v. Estelle*, 661 F.2d 1061 (5th Cir. 1981), this Court addressed the question of whether a notice of appeal that has been received by the clerk within the requisite time meets the filing requirement. We determined that "[b]ecause an appellant has no control over delays between receipt and filing, a notice of appeal is timely filed if received by the district court within the applicable period." *Id.* at 1063, *quoting Aldabe v. Aldabe*, 616 F.2d 1089, 1091 (9th Cir.1980) (citations omitted).

In the present case, Hernandez submitted his complaint to the clerk on March 10, 1988, well within the thirty day limitation prescribed by 42 U.S.C. § 2000e–16(c), and the complaint was marked "received" by the clerk at this time. The failure of the clerk to actually "file" the complaint until March 29, 1988 does not indicate that the complaint "was not actually in the custody of the clerk." *Ward*, 265 F.2d at 80. Furthermore, as in *Deloney*, Hernandez had no control over the clerk's delay in actually filing Hernandez's complaint. This Court therefore determines that, in light of the circumstances of this case, Hernandez's complaint was "filed" within the thirty day requirement of 42 U.S.C. § 2000e–16(c), when the clerk received the complaint on March 10, 1988.

III. CONCLUSION

Hernandez's submission of his complaint to the clerk on March 10, 1988, constituted a filing and was within the thirty day requirement of 42 U.S.C. § 2000e–16(c).

REVERSED AND REMANDED.

---

**2.** *See Martinez v. Orr*, 738 F.2d 1107 (10th Cir. 1984); *Milam v. United States Postal Service*, 674 F.2d 860 (11th Cir.1982); *Saltz v. Lehman*, 672 F.2d 207 (D.C.Cir.1982) (finding that the 30 day limitation in 42 U.S.C. § 2000e–16(c) is subject to equitable tolling). *But see Sims v. Heckler*, 725 F.2d 1143 (7th Cir.1984); *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082 (9th Cir.1983) (finding that the 30 day requirement is jurisdictional and not subject to tolling).

**3.** This rule should be read in connection with Rule 77(a) which states that the "district courts shall be deemed always open for the purpose of filing any pleading or other proper paper." Fed.R.Civ.P., Rule 77(a), Wright and Miller, Federal Practice and Procedure, Section 1153, p. 443 n. 1 (1987).