**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 97-30661
_____

JEWEL SPOTVILLE,

Petitioner-Appellant,

VERSUS

BURL CAIN, Warden, Louisiana State Penitentiary, Angola, LA;
RICHARD P. IEYOUB, Attorney General, State of Louisiana,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____

July 31, 1998

Before POLITZ, Chief Judge, REYNALDO G. GARZA, and DENNIS, Circuit
Judges.

PER CURIAM:

Appellant Jewel Spotville appeals the dismissal of his pro se

habeas corpus petition for failure to comply with the procedures

provided for in 28 U.S.C. § 2244(b)(3)(A), as amended by the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Although Spotville tendered to prison authorities for mailing his

petition and application for in forma pauperis ("IFP") status prior

1

to the effective date of the AEDPA, he did not pay a filing fee that was subsequently required upon denial of his IFP status until after the AEDPA took effect. The sole issue presented by this appeal is when a habeas corpus petition should be considered filed for purposes of determining the applicability of the AEDPA. This question is one of first impression in this circuit. We hold that the habeas corpus petition of a pro se prisoner litigant is filed for purposes of determining the applicability of the AEDPA at the time the petitioner tenders the petition to prison officials for mailing. Accordingly, we reverse the dismissal of Spotville's petition and remand for further proceedings.

### Facts

In 1973, Jewel Spotville was convicted of aggravated rape, at that time a capital offense. Spotville was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence. In July 1995, Spotville, acting pro se, submitted a habeas corpus petition, his fifth, along with an application to proceed IFP, to the United States District Court for the Eastern District of Louisiana.[1] In his petition, Spotville argues primarily that he was improperly convicted of a capital crime by a 10-2 jury verdict rather than by a unanimous jury verdict.

Spotville's application to proceed IFP was denied on August

---

[1] Spotville dated his petition as June 30, 1995, and it was stamped as received by the Clerk of Court on July 25, 1995.

16, 1995 by a magistrate judge who found Spotville could pay the $5.00 filing fee. Spotville paid this fee on April 23, 1997. Two days later, the magistrate judge recommended that Spotville's habeas petition be dismissed without prejudice for his failure to move in the Court of Appeals for authorization to file a successive habeas application, pursuant to 28 U.S.C. § 2244(b)(3)(A), as amended by the AEDPA. On May 21, 1997, the district court adopted the magistrate judge's recommendation and dismissed Spotville's petition without prejudice.

Spotville timely filed a notice of appeal and moved for a certificate of appealability ("COA"). The district court granted Spotville a COA, finding

> that petitioner has made a substantial showing of the denial of a constitutional right related to the following issue[]: Petitioner's application had to be denied on the procedural basis that this is a successive writ. . . . [T]hat he was convicted by a 10-2 verdict when a unanimous verdict was required raises a serious issue of ineffective assistance of counsel. I would very much like to hear the matter on the substantive merits.

## Analysis

Section 2244(b)(3)(A) of Title 28 provides:

> Before a second or successive application permitted by this section is filed in the district court, the

3

applicant shall move in the appropriate court of appeals

for an order authorizing the district court to consider

the application.

28 U.S.C. § 2244(b)(3)(A) (West 1998).

Section 2244(b)(3)(A) became effective when the AEDPA was signed into law on April 24, 1996. *See Lindh v. Murphy*, --- U.S. ---, 117 S. Ct. 2059, 2067 (1997). Habeas petitioners "presenting a second or successive § 2254 habeas petition are not subject to the new successive habeas provisions unless their successive petitions were filed in the district court after the AEDPA's effective date[.]" *Moran v. Stadler*, 121 F.3d 210, 211 (5th Cir. 1997).

Spotville's fifth habeas petition, at issue in the present case, was tendered to prison officials for mailing to the district court in July 1995, approximately nine months before the effective date of the AEDPA. The subsequently required filing fee was not paid until one year after the effective date of the AEDPA, however. Therefore, the question of whether Spotville's habeas petition was properly dismissed pursuant to the AEDPA centers on resolving when his petition was "filed."

This court has held that "the relevant date for determining the applicability of the AEDPA to habeas corpus petitions is the date that the *actual* habeas corpus petition is filed." *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997) (emphasis added). Although

4

the use of the word "actual" suggests that tendering the petition to prison officials for mailing is the crucial act of initiating the habeas proceeding, the meaning of the word "filed" requires further examination. The question of when a petition is filed for the purposes of determining the applicability of the AEDPA to a habeas action has not been addressed by this circuit, though the question of when certain pleadings have been filed has been addressed in other contexts.

Our prior decisions, and decisions of our sister circuits, indicate that a habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing. In *Hernandez v. Aldridge*, 902 F.2d 386 (5th Cir. 1990), we considered at what point a pro se prisoner's notice of appeal is filed for purposes of determining if it had been filed within requisite time limitations. In that case, the plaintiff had tendered his complaint to the court clerk before the limitations time-bar, but the clerk did not docket it as "filed" until 19 days later, after the limitation period had expired. We held "that when a notice of appeal is *in the custody* of the clerk within the time required by statute, the notice has been 'filed' within the requisite time." *Id.* at 388 (citation omitted) (emphasis added). We determined that the clerk's physical custody of the notice of appeal, upon its being tendered by the plaintiff, was the point at which the notice of appeal was "in the custody of the clerk," not when the it was

technically entered as "filed." *Id.*

Similarly, in *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995), we held that a pro se prisoner litigant's Section 1983 complaint is filed as soon as the pleadings have been deposited into the prison mail system. We relied on the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266 (1988), which established a similar "mailbox rule" for determining when a pro se notice of appeal from dismissal of a habeas action would be considered filed. In *Houston,* the Court recognized that, "[u]nskilled in law, unaided by counsel, and unable to leave the prison, a pro se prisoner's control over the processing of his notice necessarily ceases as soon as he hands it over[.]" *Id.* at 266. The *Houston* rationale was adopted by this court in *Cooper* and is helpful in analyzing the present case. Because we have recognized that a pro se litigant has initiated, or "filed," his petition properly when he has completed everything within his control to deliver the actual petition to the court, we should not create a separate and somewhat contrary rule in a case in which a pro se litigant's IFP status is denied subsequent to initiating the petition. *Cf. Cooper*, 70 F.3d at 381 (holding that a time-bar should have the same effect on *all* pro se litigants, because they are "needful of a level playing field").

Recently, the Third Circuit applied *Houston* to the filings of a pro se prisoner's habeas petition for the purpose of applying the

AEDPA's one-year time limit.  In *Burns v. Morton*, 134 F.3d 109 (3d Cir. 1998), the pro se litigant presented his habeas petition to prison officials for mailing on April 22, 1997, one day before the one-year limitations period provided for in 28 U.S.C. § 2244(d)(1) expired.  The petition was not received by the district court until April 28, 1997, however, and was not docketed as filed until May 5, 1997.  The district court concluded that the petition was filed after the one-year limitations period that began running on April 24, 1996 had expired, and dismissed it as untimely.  The Third Circuit found that "the same concerns expressed by the Court in *Houston* pertain to filing a pro se prisoner's habeas petition." *Id.* at 112.  Accordingly, the court reversed the dismissal of the petition and held that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."  *Id.* at 113; *see also Peterson v. Demskie*, 107 F.3d 92, 93 (2d Cir. 1997) (applying *Houston* to its consideration of when a Section 2254 petition is filed for purposes of determining whether it was filed within a reasonable time of the effective date of the AEDPA).

The Sixth Circuit has applied *Houston* to a petitioner's motion to file second or successive Section 2255 motions.  That court held that "[t]he § 2244(b)(3) motion to file the second or successive petition or § 2255 motion will be deemed filed, for purposes of the one-year limitation periods established by § 2244(d) and § 2255, on

7

the date that the § 2244(b)(3) motion is given to prison authorities for mailing[.]" *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (citing *Houston*, 487 U.S. at 270).

In these cases, the courts expressed concern over the pro se prisoner's lack of control over the filing of documents. That same concern is implicated here. Accordingly, we see no compelling reason why we should reject the rationale of our decisions in *Hernandez* and *Cooper* in this context. In *Hernandez* and *Cooper*, the plaintiffs had, in a timely manner, performed what was required of them to initiate proceedings. Once they had initiated the proceedings by tendering their complaints, the time bar was no longer applicable; whatever needed to follow in completing the process of "filing" the pleadings at the clerk's office was no longer subject to the time bar.

In the present case, Spotville initiated his proceedings properly by tendering to prison officials for mailing his habeas petition and application for IFP status, pursuant to the pre-AEDPA statutes, approximately nine months before the AEDPA went into effect. The decision regarding his IFP status, and any necessary subsequent action (the payment of the fee), did not change the set of rules pursuant to which Spotville tendered his petition. In *Hernandez*, the timeliness of the notice of appeal for purposes of the limitations period was not dependent on actions occurring after Hernandez initiated the process by tendering the requisite papers

8

to prison officials for mailing to the court; similarly, the timeliness of Spotville's petition for purposes of application of the effective date of the AEDPA depends, not on a fee payment, but on when Spotville delivered his papers to prison authorities for filing.

Furthermore, a rule that payment of a filing fee upon the subsequent denial of IFP status determines the applicability of the AEDPA would be contrary to this court's traditional disposition of leniency toward pro se litigants. *See Gallegos v. Louisiana Code of Criminal Procedure Art. 658*, 858 F.2d 1091, 1092 (5th Cir. 1988) (holding that leniency should be accorded to pro se litigants when the defect in a complaint is merely procedural and there are potential grounds for relief); *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982) (holding that "[a] pro se complaint . . . should not be dismissed unless it appears that the plaintiff can prove no set of facts which would entitle him to relief").[2]

Our holding in *Grissom v. Scott*, 934 F.2d 656 (5th Cir. 1991), has no bearing on our decision today. In *Grissom*, the plaintiff filed a Section 1983 action against his former defense attorney. Grissom sought IFP status. The magistrate judge denied the IFP

---

[2] This court's disposition of leniency toward pro se litigants has been tempered in certain circumstances, however. *See Saahir v. Collins*, 956 F.2d 115, 119 (5th Cir. 1992) (holding there should be no distinction between pro se petitioners and those represented by counsel, for abuse of writ purposes); *but see May v. Collins*, 948 F.2d 162, 166 n.3 (5th Cir. 1992) (acknowledging distinction between abusive petitions and successive petitions).

application and ordered payment of a partial filing fee. After Grissom paid the partial fee, the magistrate found the complaint to be frivolous and recommended dismissal pursuant to 28 U.S.C. § 1915(d). Grissom appealed, arguing that, once he paid the partial filing fee, his complaint could not be dismissed as frivolous pursuant to Section 1915(d) and that a summons should have issued. We agreed, holding that "when a district court allows a litigant to proceed upon the payment of a partial filing fee, the court should treat the complaint in the same manner as a complaint that was not filed in forma pauperis." *Id.* at 657 (citations omitted).

In support of our holding, we stated that a complaint is "deemed filed" upon the payment of the filing fee, if any were required. *Id.* (citing *Herrick v. Collins*, 914 F.2d 228, 230 (11th Cir. 1990)). This statement, however, is limited in its application to determining when a petition should be treated as one not filed IFP for purposes of applying Federal Rule of Civil Procedure 4(a), which requires that a summons issue "[u]pon the filing of a complaint." *Grissom* relied on *Herrick*, wherein the Eleventh Circuit was expressly concerned with reconciling the effect of Rule 4(a) on complaints not filed IFP with the effect of Rule 4(a) on complaints filed IFP where IFP status was denied. *Herrick*, 914 F.2d at 230. Essentially, *Grissom* merely directs us to treat a petition filed IFP as if it were a non-IFP petition filed at the time of the payment of any required filing fee for

10

purposes of applying Rule 4(a). *Grissom*, however, does not direct us in our more basic inquiry of when a petition filed IFP was actually filed for purposes of determining the applicability of the AEDPA.

Our prior decisions indicate that Spotville's petition was filed, for purposes of determining the applicability of the AEDPA, in July 1995 when he tendered the papers to the prison authorities for mailing to the district court, and not upon payment of a filing fee subsequently required after his IFP status was denied. The policy of leniency afforded pro se prisoner litigants because of their lack of ability to control the processing of their petitions supports this conclusion. Therefore, we hold that a pro se prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing. Accordingly, we REVERSE the district court's dismissal of the habeas corpus petition and REMAND for further proceedings.