IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40049
Summary Calendar
_____

ARTURO MELO MEDINA,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:00-CV-141
--------------------
June 6, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Arturo Melo Medina, Texas prisoner # 743972, appeals the
district court's dismissal of his 28 U.S.C. § 2254 application
for a writ of habeas corpus as barred by the one-year statute of
limitations set forth in 28 U.S.C. § 2244(d).  He argues that his
state habeas applications were delivered to and accepted by the
court clerk on July 6, 1999, and thus filed on that date even

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

though they were not stamped filed until July 12, 1999. Thus, he argues that the time period for filing his federal habeas application was tolled until his state habeas applications were denied on April 19, 2000. He further argues that he tendered his federal application to prison authorities for mailing on April 19, 2000, making that application timely under Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998). Medina stated under penalty of perjury in his federal habeas application that he placed his petition in the prison mailing system on April 19, 2000.

Respondent has supplemented the record on appeal with the prison mail log which reflects that the only mail Medina sent to the district court between April 10, 2000, and May 20, 2000, was tendered for filing on May 18, 2000. The petition was received by the court on May 22, 2000. Although there is a conflict in the evidence, a remand is unnecessary if all the evidence is documentary and the appellate court can pass upon the facts as well as the trial court. In the Matter of Legel, Braswell Gov't Sec. Corp., 648 F.2d 321, 326 n.8 (5th Cir. Unit B 1981). Because we hold that his federal habeas application was not tendered to prison authorities for mailing on April 19, 2000, his federal application was untimely filed. Accordingly, the district court's dismissal of Medina's 28 U.S.C. § 2254 application is AFFIRMED.