# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2013

Lyle W. Cayce
Clerk

No. 12-20685
Summary Calendar

JUAN FERNANDO VILLALON,

Petitioner-Appellant

v.

IMMIGRATION AND NATURALIZATION SERVICE; NATHANIEL
QUARTERMAN; JUDGE JIMMY BENTON,

Respondents-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-386

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

On October 1, 2012, Juan Fernando Villalon, former federal prisoner # 03958-379 and immigration detainee # A029 327 003, filed a notice of appeal in his 28 U.S.C. § 2241 case. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (holding that under the prison mailbox rule, a prisoner is deemed to have filed a document in federal court when he deposits it in the prison mail system). The notice of appeal was not timely as to the district court's final judgment entered on June 24, 2009, or any of the district court's orders entered prior to August 2012. *See* FED. R. APP. P. 4(a)(1)(B). Consequently, we lack jurisdiction to consider those decisions in the instant appeal. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). Nevertheless,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20685

because the notice of appeal was filed within 60 days of the district court's entry of an order denying six post-judgment motions filed on July 12, 2012, we have the requisite jurisdiction to review that order.  *See* FED. R. APP. P. 4(a)(1)(B).

Even with the benefit of liberal construction, Villalon does not challenge the district court's denial of his July 12, 2012, motions or the court's determination that the motions were filed in the wrong case.  By failing to do so, Villalon has waived the only issues over which this court has jurisdiction. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).  Moreover, the July 12, 2012, motions were, in essence, meaningless, unauthorized motions which the district court was without jurisdiction to entertain.  *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994).  Accordingly, Villalon's appeal is without arguable merit, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), and it is DISMISSED as frivolous, *see* 5TH CIR. R. 42.2.  All outstanding motions are DENIED.