# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51417

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2018

Lyle W. Cayce
Clerk

JOHN N. TURNER,

Plaintiff-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; WARDEN J. GRIMES, Former Warden, Lynaugh Unit, Region Four Director; WARDEN WHITFIELD, Lynaugh Unit; WARDEN SWIFT, Lynaugh Unit; DOCTOR FNU TALLEY; NURSE PRACTITIONER KEITH SEIDEL; PSYCHOLOGIST ROCKY INGRAM; FNU LENHERN, Grievance Officer; FNU FUENTES, Infirmary Administrator; FNU CHAVEZ, Safety Office and Risk Management; JOHN DOES; JANE DOES; ASSISTANT WARDEN FNU BOWERS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:15-CV-32

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

John N. Turner, Texas prisoner # 713796, moves for leave to proceed in forma pauperis (IFP) in this appeal from the dismissal of his 42 U.S.C. § 1983

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51417

action against the defendants.  Turner's IFP motion in this court constitutes a challenge to the district court's certification that the appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  The district court stated that a notice of appeal was placed in the prison mail system on or about September 25, 2016, which would constitute a timely filing, but neither the district court's order nor the record as a whole makes clear that the notice was addressed to the correct court.  *See Houston v. Lack*, 487 U.S. 266, 272-73 (1988); *see also Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).  We pretermit that question, *see United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000), because Turner does not show that the § 1983 complaint or any other claim in this case has arguable merit, *see Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Therefore, we DENY the IFP motion and sua sponte DISMISS this frivolous suit.  *See Baugh*, 117 F.3d at 202; *Howard,* 707 F.2d at 220; 5TH CIR. R. 42.2.

The dismissal of the complaint by the district court and the dismissal of this appeal as frivolous constitute two strikes under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Turner is WARNED that accumulating a third strike will preclude him from proceeding IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; IFP MOTION DENIED; SANCTION WARNING ISSUED.