# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40732
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROEL LOPEZ-CISNEROS, also known as Ardilla, also known as Animalito,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-223-11

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Roel Lopez-Cisneros, federal prisoner # 27490-179, pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, five kilograms or more of cocaine, and one kilogram or more of heroin. He now appeals the district court's denial of his motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2), which was grounded in Amendment 782 to the United States Sentencing Guidelines.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40732

As a threshold matter, the Government contends that Lopez-Cisneros's notice of appeal is untimely. The notice was placed in the mail beyond the applicable 14-day period. *See* FED. R. APP. P. 4(b)(1)(A)(i), (b)(6); *see also Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998). We ordinarily would remand for a determination of excusable neglect or good cause, but we need not do so here because the appeal is without merit. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000).

We review the denial of a § 3582(c)(2) motion for abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). Section 3582(c)(2) grants discretion to a district court to modify a sentence that was based on a guidelines range which was later lowered by the Sentencing Commission. § 3582(c)(2). In addressing a § 3582(c)(2) motion, the sentencing court first considers whether the movant is eligible for a sentence reduction and, if so, then determines whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Although Lopez-Cisneros contends otherwise, *Hughes v. United States*, 138 S. Ct. 1765, 1775-76 (2018), is not applicable to his case, and his guidelines range was not lowered by Amendment 782. The district court did not abuse its discretion by denying his motion. *See* § 3582(c)(2).

AFFIRMED.