# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40576
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SEFERINO AVILA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-319-2

Before JONES, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Seferino Avila, federal prisoner # 86931-279, pleaded guilty in 2011 to conspiracy to launder monetary instruments, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and (h), and possession, with intent to distribute, 323 kilograms of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). He was sentenced to, *inter alia*, 292 months' imprisonment.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-40576

Proceeding *pro se*, Avila challenges the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 782, each of which are discussed *infra*.  He contends, *inter alia*, the court abused its discretion because it did not analyze the 18 U.S.C. § 3553(a) sentencing factors or consider his post-sentencing rehabilitation.

For the first time on appeal, Avila also asserts the court abused its discretion in denying a sentencing reduction for extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194 (2018).  We decline to address this claim because it was "not presented to the district court[,] and [Avila] has not shown extraordinary circumstances warranting [our] court's review in the first instance".  *United States v. Poff*, 807 F. App'x 391, 392 (5th Cir. 2020) (citing *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).  We also express no opinion on the merits of Avila's recent district-court motion seeking relief under 18 U.S.C. § 3582(c)(1)(A) and the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020).

Regarding the Government's contention that Avila's notice of appeal was untimely, the notice was placed in the prison mail system beyond the applicable 14-day period.  *See* Fed. R. App. P. 4(b)(1)(A)(i), 4(c)(1)(A)(ii); *see also Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998).  Our court would ordinarily, therefore, remand for a determination of excusable neglect or good cause; this need not be done here, however, because the appeal lacks merit. *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000) (citation omitted).

"[T]he decision whether to reduce a sentence under § 3582(c)(2)" is reviewed "for abuse of discretion".  *United States v. Quintanilla*, 868 F.3d 315,

319 (5th Cir. 2017) (citation omitted).  The district court's "interpretation of the [G]uidelines" is reviewed *de novo*; its factual findings, for clear error.  *Id.* (citation omitted).

Under 18 U.S.C. § 3582(c)(2), a court is permitted to "reduce the term of imprisonment" where "defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . and made retroactive".  *Dillon v. United States*, 560 U.S. 817, 824–25 (2010) (citations omitted).  The reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission—namely, [Guideline] § 1B1.10" (discussing reduction in prison term based on amended Guidelines range).  *Id.* at 826 (internal quotation marks and citation omitted).  Accordingly, the "court must first determine that a reduction is consistent with [Guideline] § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)".  *Id.*  Under Guideline § 1B1.10(a)(2)(B), a sentence reduction is not permitted where the amendment lowering the sentencing range "does not have the effect of lowering the defendant's applicable [G]uideline[s] range".

Regarding Amendment 782 on which Avila relies, effective 1 November 2014 this amendment:  modified Guideline § 2D1.1(c)'s drug-quantity table, lowering most drug-related base offense levels by two levels; and became retroactively applicable on 1 November 2015 to persons sentenced before Amendment 782 took effect.  U.S.S.G. Supp. to App. C, amends. 782, 788.

Even under the amended Guideline § 2D1.1(c) drug-quantity table, however, Avila's base offense level remained 38 because he was held responsible for in excess of 90,000 kilograms (converted drug weight) of marihuana.  *See* U.S.S.G. § 2D1.1(c).  As a result, his advisory Guidelines

sentencing range remained the same, and he was, therefore, ineligible for a sentence reduction under § 3582(c)(2). *See* U.S.S.G. § 1B.10(a)(2)(B); *see also Dillon*, 560 U.S. at 825–26. Along that line, his contention the court abused its discretion by not reconsidering the drug-quantity finding made at his original sentencing hearing is not cognizable in a § 3582(c)(2) motion. *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011) (citations omitted).

His not being eligible for a sentence reduction renders moot his contentions about the 18 U.S.C. § 3553(a) sentencing factors and his claimed post-sentencing rehabilitation.

AFFIRMED.