# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2022

Lyle W. Cayce
Clerk

No. 18-11490

Danny Richard Rivers,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, Director, Texas Department of Criminal Justice, Correctional Institutions Division,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:17-CV-124

Before Richman, *Chief Judge*, and Costa and Ho, *Circuit Judges*.
Per Curiam:[*]

This court granted a certificate of appealability (COA) on Danny Richard Rivers's claim for ineffective assistance of trial counsel based on an alleged failure to conduct a reasonable investigation and interview witnesses. The parties were directed to address "whether Rivers's witness affidavits

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 18-11490

were considered in the state court proceedings and whether the district court properly deferred to the state habeas court's adjudication, as well as the merits of this claim." We conclude that Rivers did not properly submit evidence to support his claim in state court. We therefore affirm the district court's denial of habeas relief.

## I

Rivers was convicted by a jury of one count of continuous sexual abuse of a child, two counts of indecency with a child by contact, one count of indecency with a child by exposure, and two counts of possession of child pornography.[1] At trial, Rivers proceeded on the theory that the victims fabricated the allegations of abuse at the behest of his ex-wife, who was their mother, and that his ex-wife had downloaded the child pornography. Rivers was convicted on all counts. On appeal, his convictions were affirmed.[2]

Rivers then filed two state habeas applications.[3] His claims relating to child pornography were dismissed because he had served his sentence for those convictions.[4] After the trial court forwarded its findings and conclusions, the Texas Court of Criminal Appeals (TCCA) remanded for factfinding concerning his ineffective assistance of counsel claim.

The trial court ordered Rivers's three trial attorneys to file affidavits. They declared in nearly identical affidavits that Rivers had admitted to the

---

[1] *Rivers v. State*, No. 08-12-145-CR, 2014 WL 3662569, at *1 (Tex. App.—El Paso July 23, 2014) (unpublished).

[2] *Ex parte Rivers*, Nos. WR-84,550-01 & 84,550-02, 2017 WL 3380491 (Tex. Crim. App. June 7, 2017) (per curiam) (unpublished); *Rivers*, 2014 WL 3662569, at *5.

[3] *See Ex parte Rivers*, Nos. WR-84,550-01 & 84,550-02, 2016 WL 5800277, at *1 (Tex. Crim. App. Oct. 5, 2016) (per curiam) (unpublished).

[4] These claims are not at issue.

child abuse offenses. They said their trial strategy was to show that, after Rivers's ex-wife lost custody of a daughter during their divorce proceeding, she manipulated the child into fabricating the abuse allegations. Apart from witness Antonio Dino Fernandez, who testified at trial, counsel asserted generally that they had interviewed all witnesses Rivers identified and did not call them to the stand. Rivers then filed an affidavit denying that he admitted to the offenses and asked the court to order affidavits from the potential witnesses.

The state habeas trial court found that Rivers had admitted to the abuse offenses and that trial counsel "implemented a general trial strategy that the victims fabricated the allegations of abuse at the behest of their mother, who was [Rivers]'s ex-wife." The court also found that Rivers had not provided witness affidavits to support his claim regarding uncalled witnesses. It concluded that counsel were not ineffective and that Rivers was not prejudiced.

The trial court forwarded its findings to the TCCA. While the case was pending, and before the TCCA issued its ruling, Rivers filed with the TCCA three witness affidavits supporting his claim that counsel failed to interview or call potential witnesses. These were the affidavits of Fernandez (who had testified at trial), Misty Ross-Finley, and Danny Rivers, Sr. All three affidavits are dated after the state trial court filed its findings of fact and conclusions of law in the remanded proceedings. The letters from Rivers transmitting these affidavits reflect that they were sent directly to the TCCA. There is no indication in the record that these three affidavits were ever presented to the state habeas trial court. In its opinion and order denying habeas relief, the TCCA referred to affidavits from trial counsel that were presented to the state trial court on remand and agreed with the trial court's "findings of fact and conclus[ion] that counsel were not ineffective." The

No. 18-11490

TCCA did not refer to the late-breaking affidavits in its opinion and order or otherwise address those affidavits in any ruling.

Rivers then sought 28 U.S.C. § 2254 relief. He raised, inter alia, a claim of ineffective assistance of trial counsel based on uncalled witnesses. The federal magistrate judge relied on the state court's findings and found that Rivers had not provided affidavits from the potential witnesses nor any assurance that they would have testified at trial had counsel interviewed them; that Rivers merely speculated as to what testimony he believes those witnesses would have given; and that counsel had interviewed the witnesses Rivers identified. The magistrate judge recommended that relief be denied.

In response to the magistrate judge's report and recommendation, Rivers objected to the finding that he had not provided witness affidavits. The federal district court's order states that Rivers had filed affidavits and that "[t]hese affidavits were also filed in the state habeas proceeding and were before the [TCCA]." Nevertheless, the district court denied relief, reasoning that a state court's determinations on competing affidavits as to ineffective assistance claims are "presumed correct unless the petitioner presents clear and convincing evidence to the contrary." The district court adopted the magistrate judge's report, denied relief, and denied a COA.

Rivers moved for reconsideration. The district court deemed the motion timely under Federal Rule of Civil Procedure 59(e), but construed it as a successive § 2254 petition and dismissed it for lack of jurisdiction. Before the district court ruled on his motion, Rivers filed a notice of appeal.

Rivers argues that he filed the affidavits in the TCCA while his case was still pending, and that the TCCA decided his case without considering the affidavits. He also argues that the district court erred by denying relief without holding an evidentiary hearing.

4

No. 18-11490

The respondent first argues that the notice of appeal was untimely and that a remand is necessary for a determination of good cause or excusable neglect. He also argues that Rivers violated procedural rules in filing his affidavits and that the TCCA did not consider them.

## II

We must first consider our jurisdiction. A timely "notice of appeal in a civil case is a jurisdictional requirement" when, as here, a statute sets the time limit.[5] A notice of appeal in a civil action must be filed within thirty days of the judgment from which the appeal is taken.[6] Rivers had thirty days after the September 17, 2018 denial of his § 2254 petition—until October 17, 2018—to file a notice of appeal. "[T]hrough clerical oversight, the Court's order denying relief and final judgment were mailed to [Rivers] at the Beto Unit in Tennessee Colony, Texas, rather than the McConnell Unit in Beeville, Texas," where Rivers was incarcerated. As a result, Rivers did not deposit his notice of appeal into the prison mail system until November 14, 2018.[7]

However, Rivers filed a postjudgment motion for reconsideration, and certain postjudgment motions may extend the time for filing an appeal.[8] A Rule 59(e) motion is timely if it is filed no later than twenty-eight days after the entry of the judgment, with no possibility of extensions.[9] Rivers's postjudgment motion was filed more than twenty-eight days after the entry

---

[5] *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

[6] 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).

[7] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (prison mailbox rule).

[8] *See* Fed. R. App. P. 4(a)(4)(A).

[9] Fed. R. Civ. P. 59(e); *see* Fed. R. Civ. P. 6(b)(2).

No. 18-11490

of judgment,[10] rendering it untimely as a Rule 59(e) motion.[11]  Moreover, his untimely Rule 59(e) motion did not toll the time for noticing an appeal.[12]

But the district court could have construed the motion as one seeking relief under Federal Rule of Appellate Procedure 4(a)(5), which allows the district court to extend the time for filing a notice of appeal if the requesting party "shows excusable neglect or good cause."[13]  Such a motion is due no later than thirty days after the expiration of the time for filing a notice of appeal.[14]  In this case, Rivers had until October 17, 2018, to file a notice of appeal.  Pursuant to the prison mailbox rule, his postjudgment motion was filed on October 26, 2018, and was therefore timely under Rule 4(a)(5), as it was filed within thirty days of the expiration of the time to file a notice of appeal.[15]  Along with his postjudgment motion, Rivers filed an affidavit stating that the order accepting the magistrate judge's finding had been sent to his former address and then forwarded to him at the McConnell Unit.  He asserted that he received the order on October 15, 2018, and placed his postjudgment motion in the prison mail system on October 26, 2018.  The district court noted that, "through clerical oversight, the Court's order denying relief and final judgment were mailed to [Rivers] at the Beto Unit in Tennessee Colony, Texas, rather than the McConnell Unit in Beeville, Texas," and that Rivers filed his postjudgment motion twenty-one days after

---

[10] *See Spotville*, 149 F.3d at 376-78.

[11] *See* Fed. R. Civ. P. 59(e).

[12] *In re Crescent Res., L.L.C.*, 496 F. App'x 421, 424 (5th Cir. 2012) (per curiam) (unpublished); *see* Fed. R. App. P. 4(a)(4)(A)(iv), (vi); Fed. R. Civ. P. 6(b)(2); Fed. R. Civ. P. 59(e).

[13] *See* Fed. R. App. P. 4(a)(5)(A)(ii).

[14] Fed. R. App. P. 4(a)(5)(A)(i).

[15] *See id.*; *Spotville*, 149 F.3d at 376-78.

receiving the judgment.  The same day, the district court granted Rivers's in forma pauperis (IFP) motion.

Rivers's postjudgment motion, affidavit, and IFP motion—construed liberally—could be a request for an extension of the thirty-day time limit to file the notice of appeal based on excusable neglect or good cause.[16]  Given Rivers's pro se status, the government's lack of objection, and the fact that Rivers submitted everything necessary to set forth a Rule 4(a)(5) motion, we will treat his postjudgment motion as such.  Further, it appears as though the district court did the same because it granted Rivers's IFP motion and extended his time to file the postjudgment motion.  It is unnecessary to remand this case for a determination on good cause or excusable neglect because the district court's grant of his IFP motion, taken together with the court's decision to extend the time to file the postjudgment motion based on clerical error, is tantamount to an excusable neglect finding excusing the untimely notice of appeal.[17]

This court reviews a ruling on a Rule 4(a)(5) motion for abuse of discretion and gives more leeway to the excusable neglect determination "when the district court grants the motion for an extension of time."[18] "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including the "danger of prejudice," "the length of the delay and its potential impact on

---

[16] *See* FED. R. APP. P. 4(a)(5); *cf. Frew v. Young*, 992 F.3d 391, 395-96 (5th Cir. 2021) (discussing the various ways the court could post hoc construe a party's motion on appeal).

[17] *See Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012) (concluding that the district court did not abuse its "broad discretion" by granting an extension in light of the four-day delay and the lack of any prejudice or bad faith).

[18] *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007).

judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[19]  In light of the foregoing, it would not have been an abuse of discretion to extend the time to file a notice of appeal because Rivers did not receive timely notice of the judgment; he filed a motion within the requisite time period; he established excusable neglect or good cause through his affidavit; and the court admitted to the clerical oversight causing the delay.[20] Additionally, the government does not contend that it would be prejudiced by the delay.

As noted above, the prescribed period for filing a notice of appeal in this case expired on October 17, 2018.  With an extension under Rule 4(a)(5), Rivers's notice of appeal was due by December 14, 2018, fourteen days after the district court's November 30, 2018 order denying Rivers's postjudgment motion.[21]  Rivers tendered his notice of appeal to prison authorities on November 14, 2018.[22]  Accordingly, Rivers timely filed a notice of appeal, and we have jurisdiction to review his claims.

### III

Under AEDPA, we will not reverse a state court ruling unless it was "contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[23]  Our review is generally limited "to the record that was before the state court that

---

[19] *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993).

[20] *See Stotter*, 508 F.3d at 820; *Salts*, 676 F.3d at 474.

[21] *See* FED. R. APP. P. 4(a)(5)(C).

[22] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998).

[23] 28 U.S.C. § 2254(d)(1), (2).

No. 18-11490

adjudicated the claim on the merits."[24]  To establish ineffective assistance of counsel, a defendant must show that counsel performed deficiently and that he was prejudiced.[25]  Review of the state court's ineffective assistance ruling is "doubly" deferential when § 2254(d) applies.[26]

Further, "[c]laims that counsel failed to call witnesses are not favored on federal habeas review because the presentation of witnesses is generally a matter of trial strategy and speculation about what witnesses would have said on the stand is too uncertain."[27]  For this reason, a showing of prejudice for claims of ineffective assistance based on uncalled witnesses requires petitioners to "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense."[28]

Rivers alleges ineffective assistance of his trial counsel on the theory that counsel was deficient in not calling or adequately preparing defense witnesses.  Rivers must present evidence to support this claim.[29]  He has produced two affidavits from uncalled witnesses and an affidavit from a trial witness who he claims was inadequately prepared.  But these affidavits were not presented to the state habeas trial court.  Rivers first produced the affidavits *after* the state habeas trial court had ruled against him and while his

---

[24] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

[25] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

[26] *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal quotation marks and citation omitted).

[27] *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010).

[28] *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).

[29] *See id.*

No. 18-11490

application was on appeal before the TCCA.  He filed the affidavits directly with the TCCA, which docketed the affidavits but did nothing more.

Texas has specific rules regarding supplementing the evidence on appeal in a habeas case.[30]  Rule 73.7 states that the TCCA will not consider new evidence such as these affidavits unless accompanied by a motion explaining their significance.[31]  Even then, they will only be accepted if the TCCA determines the need is truly exceptional.[32]  "If the motion is granted, [the] Court will specify a designated time frame for the party to file the evidence . . . and the party must present his evidence to the habeas court within that time frame."[33]

Rivers did not present his affidavits in line with the strictures of Rule 73.7.[34]  He made no such motion, nor did he make the necessary argument concerning the exceptional nature of this evidence.  The TCCA made no finding of exceptionality, did not grant his nonexistent motion, and—unsurprisingly—did not mention the affidavits in its opinion denying relief.[35]  In light of this, and the TCCA's silence with respect to the affidavits, our only conclusion can be that the TCCA decided they were improperly submitted and not in evidence.  To the extent that the district court found otherwise, that finding is not supported by the record or Texas law.

---

[30] *See* TEX. R. APP. P. 73.7.

[31] *See Ex parte Speckman*, 537 S.W.3d 49, 54 (Tex. Crim. App. 2017).

[32] TEX. R. APP. P. 73.7.

[33] *Speckman*, 537 S.W.3d at 54-55.

[34] *See* TEX. R. APP. P. 73.7.

[35] *See Ex parte Rivers*, Nos. WR-84,550-01 & 84,550-02, 2016 WL 5800277, at *1 (Tex. Crim. App. 2016).

No. 18-11490

## IV

Through the benefit of liberal construction of his pro se brief, Rivers has also appealed the denial of an evidentiary hearing. Our review is generally limited to evidence placed before the state habeas courts.[36] "Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so."[37] For claims adjudicated on the merits in state court, as here, "the petitioner must demonstrate that habeas relief is warranted under § 2254(d) *on the state court record alone.* If the petitioner succeeds in satisfying this threshold requirement, then a federal habeas court may entertain new evidence."[38]

Rivers must present evidence to support his claim of ineffective assistance of trial counsel.[39] Because his affidavits were never properly presented to the state habeas courts, he has not done so. Accordingly, Rivers has not demonstrated that, on the state court record alone, he is entitled to relief.[40] The district court correctly denied an evidentiary hearing.[41]

* * *

We AFFIRM the district court's denial of an evidentiary hearing and denial of habeas relief.

---

[36] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Broadnax v. Lumpkin*, 987 F.3d 400, 406-07 (5th Cir. 2021).

[37] *Pinholster*, 563 U.S. at 186.

[38] *Broadnax*, 987 F.3d at 406-07 (emphasis in original) (citing *Smith v. Cain*, 708 F.3d 628, 634-35 (5th Cir. 2013)).

[39] *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).

[40] *See id.* (requiring evidence to prove prejudice for a successful *Strickland* claim).

[41] *See Broadnax*, 987 F.3d at 406-07.