# United States Court of Appeals
# for the Fifth Circuit

_____

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2026

Lyle W. Cayce
Clerk

No. 25-60300

_____

Tasha N. Flemons, *also known as* Xochitl B.,

*Plaintiff—Appellant*,

*versus*

Louis DeJoy, *Postmaster General of the United States Postal Service Agency*; Samuel Bruce Orman, United States Postal Service; Bobby Wayne Snow, United States Postal Service; Samantha Young, United States Postal Service; Tina Foster, United States Postal Service,

*Defendants—Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:24-CV-57

_____

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Tasha Flemons filed her complaint for employment discrimination, pro se, against the United States Postal Service ("USPS") and several of its employees, claiming that she was the victim of

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60300

a hostile work environment stemming from treatment related to her race, age, and gender. In her form complaint, Appellant lists multiple dates on which she claims she was harassed, suffered a hostile work environment, was passed over for promotions, and was ultimately terminated from her position. The district court concluded, upon Defendant-Appellee Louis DeJoy's motion to dismiss, that dismissal without prejudice was appropriate due to Appellant's failure to timely serve the United States and its agency, coupled with her failure to respond to the pending motion to dismiss.[1] Having reviewed the record and Appellant's arguments on appeal, we AFFIRM the ruling of the district court.

I

Appellant filed her pro se complaint on February 29, 2024, making the service of process deadline for all defendants May 30, 2024. *See* Fed. R. Civ. P. 4(m). Appellant appealed the result of her hearing before the Equal Employment Opportunity Commission ("EEOC") to the Northern District of Mississippi.[2] On March 22, 2024, the district court denied Appellant's motion for the appointment of counsel, holding that no "exceptional circumstances" existed which would allow the district court to appoint counsel in a civil case. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). In April of 2024, Appellant then attempted to effectuate service on her own. The magistrate judge then issued a case management order setting scheduling deadlines, the final pretrial conference date, and a trial date. Appellant then filed two executed returns of service as to Defendants Louis

---

[1] DeJoy's unopposed motion to dismiss necessitated the dismissal of the entire action, as Appellant did not properly serve the United States and its agency, USPS, as required by Federal Rule of Civil Procedure 4(i).

[2] After reviewing the substance of Appellant's grievances against the USPS, the EEOC affirmed its prior finding of "no discrimination".

No. 25-60300

DeJoy and the United States.[3] Appellant then filed a motion for an extension of time to amend her complaint, as well as to join or add parties. The district court granted her motion, resetting the new deadline to amend or join parties to August 18, 2024. In granting her order, the magistrate judge warned Appellant that "there will not be any additional extensions of time granted so that [Appellant] may obtain counsel."

Following a short period of inactivity by the Appellant, the United States filed a motion to dismiss on September 4, 2024, for improper service under Federal Rules of Civil Procedure 4(i), 4(m), and 12(b)(5). The government attached a letter to its motion to dismiss, wherein counsel for the United States notified Appellant of her failure to properly serve the United States. That letter also purported to attach the applicable Federal Rules of Civil Procedure for Appellant's review. Nineteen days after the government filed its motion to dismiss, Appellant retained counsel. Surprisingly, however, neither Appellant nor her newly retained counsel ever filed a response to the government's motion to dismiss, nor did she file a motion for extension of time to serve any defendants. The government filed a motion to stay the case pending the resolution of its pending motion to dismiss, pursuant to the district court's local rules. Five months and 22 days after Appellant's counsel entered his notice of appearance, Appellant filed her first counseled motion, joining in the government's motion to stay the case, pending the resolution of its motion to dismiss that she had not yet responded to.

Following her failure to respond to the government's motion to dismiss, Appellant's counsel then failed to appear for the case's final pretrial

---

[3] The parties still dispute whether DeJoy or the United States were properly served—on appeal, Appellees maintain that USPS and the Postmaster General remain unserved.

No. 25-60300

conference. The district court reset the final pretrial conference date and issued an order to show cause requiring Appellant's counsel to appear and explain his absence, as well as his failure to notify the court of his whereabouts during the conference.[4] At the rescheduled pretrial conference, Appellant's counsel's explanation was accepted. On that date, April 21, 2025, Appellant had still not replied to DeJoy's motion to dismiss. The district court then treated the motion as unopposed and dismissed Appellant's complaint, noting that she "did not even attempt to meet her burden of proving service was sufficient." The district court then entered a final judgment dismissing the case. Appellant timely appealed the judgment.

Appellant then ran into procedural issues on appeal. First, on July 24, 2025, Appellant's appeal was dismissed by this court's clerk's office for her failure to timely order transcripts and make financial arrangements with the court reporter. Appellant then filed a motion to reopen, which the clerk's office granted, only to again have her appeal dismissed for failure to timely file a brief and record excerpts. Appellant's second motion to reopen the appeal was also granted.

## II

We review dismissals under Rules 4(m) and 12(b)(5) for abuse of discretion. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013); *Calhoun v. City of Houston Police Dep't*, 855 F. App'x 917, 919 (5th Cir. 2021).

## III

---

[4] The district court noted that it had attempted to reach out to Appellant's counsel via telephone at the time of the pretrial conference, but that "attempts to reach him by telephone were unsuccessful."

No. 25-60300

On appeal, Appellant argues that the district court erred in granting Appellees' motion to dismiss and that it should have instead allowed her time to refile. She also argues that dismissal was improper due to her pro se status. Finally, she argues that a heightened standard of review applies, because the statute of limitations on her claim has run, making the dismissal functionally with prejudice. Appellees respond that nearly all of Appellant's arguments are waived because Appellant failed to raise them in the first instance with the district court. Appellees also argue that, even if our court were to consider Appellant's arguments, they are unavailing, as the district court did not abuse its discretion in granting DeJoy's motion to dismiss. We agree.

Appellant first argues that the district court erred by failing to allow her reasonable time to cure her improper service under Federal Rule of Civil Procedure 4(i)(4)(A). This argument holds no weight because she never moved for a time extension at the district court. In fact, after procuring counsel, and despite having six months to do so, Appellant failed to respond to DeJoy's motion to dismiss at all. In fact, the record reveals that she did not file a single motion for extension of time to perfect service upon the defendants; nor did she file a motion for extension of time to respond to the pending motion to dismiss. We cannot fault the district court for failing to grant a motion that was never before it. Appellant had every opportunity to reply, file a motion for extension of time, or to re-attempt service. She exercised none of these options. We therefore conclude that the district court did not err in not allowing Appellant to cure her service of process, and that any arguments on this subject are forfeited. *Rolling v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court, or by failing to adequately brief the argument on appeal.").

Appellant next argues that the district court abused its discretion by dismissing her claims without considering the equitable factors under

5

Rule 4(m). Namely, she argues that her pro se status, her minimal delay in completing service,[5] and her "demonstrated diligence" in properly serving three defendants each weigh in her favor under Rule 4(m). She likewise argues that the district court's dismissal without prejudice is subject to heightened scrutiny, due to the fact that the statute of limitations on her claims has expired. These arguments are likewise without merit. First, Appellant is correct that this court traditionally shows leniency towards pro se litigants regarding the technicalities of service of process. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). However, Appellant does not acknowledge the fact that she obtained counsel over a year and a half before the case was dismissed. Although Appellant initially proceeded pro se, counsel had ample opportunity, and over a year to cure any pro se deficiencies.

The "demonstrated diligence" Appellant alludes to is overshadowed by her counsel's failure to attempt to cure any procedural deficiencies. Further, she also fails to acknowledge that her appeal was dismissed twice by this court's clerk's office, due again to her failure to meet deadlines. Any demonstrated diligence displayed by Appellant at the district court is thwarted by her counsel's failure to perfect service, failure to reply to a dispositive motion, failure to appear for the court's final pretrial conference, failure to timely file an opening brief, and failure to make arrangements with this court's clerk's office regarding the record on appeal.

Appellant finally argues that a heightened standard of review applies because the statute of limitations for her claims has expired. She cites *Millan v. USAA General Indemnity Co.*, wherein our court found that "delay which

---

[5] Appellees dispute this claim on appeal—they claim that Appellees USPS and the Postmaster General have not been served to date. Appellant did not file a reply brief contesting Appellees' assertion. We decline to take up this fact dispute in the first instance.

No. 25-60300

warrants dismissal with prejudice must be longer than just a few months." 546 F.3d 321, 326–27 (5th Cir. 2008) (citation modified). Here, however, the delay was longer than "just a few months." *Id.* In fact, 229 days passed between the filing of DeJoy's motion to dismiss and the district court's ruling. This time could certainly be characterized as a "significant period[] of total inactivity." *Id.* at 326. This period of inactivity, combined with the deadlines missed by both Appellant and her counsel, certainly satisfies the heightened standard discussed in *Millan*.

*    *    *

For the foregoing reasons, the judgment of the district court is AFFIRMED.